**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE THOMAS | : | |
| | : | |
| Appellant | : | No. 1904 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009083-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE THOMAS | : | |
| | : | |
| Appellant | : | No. 1905 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009080-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE THOMAS | : | |
| | : | |
| Appellant | : | No. 1906 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009082-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  | : |  |
| :--- | :--- | :--- | :--- |
|  | v. | : |  |
|  |  | : |  |
|  |  | : |  |
|  |  | : |  |
| WAYNE THOMAS |  | : |  |
|  |  | : |  |
| Appellant |  | : | No. 1907 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010630-1988

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JULY 17, 2020**

Wayne Thomas appeals the order of the Court of Common Pleas of Allegheny County (PCRA Court) dismissing as untimely his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-46. We affirm.

## I.

In 1988, Thomas was charged at the four above-captioned county court docket numbers: CP-02-CR-0009083-1988; CP-02-CR-0009080-1988; CP-02-CR-0009082-1988; and CP-02-CR-0010630-1988. On January 11, 1989, Thomas entered into a global plea of *nolo contendere* as to all four cases, and on March 28, 1989, he was sentenced to an aggregate prison term of 33.5 to 67 years.

---

[*] Retired Senior Judge assigned to the Superior Court.

At the sentencing hearing, despite that he was represented by counsel at the time, Thomas attempted to file a *pro se* motion to withdraw his plea. **See** Sentencing Transcript, 3/28/1989, at pp. 11-13. The sentencing court declined to consider the motion but advised Thomas that he had the right to appeal his plea. **Id**. at p. 14.

Thomas appealed with the benefit of counsel, arguing that he received an excessive sentence. This Court affirmed the judgment of sentence on February 9, 1990. The Pennsylvania Supreme Court denied his petition for allowance of appeal later that year. In his first PCRA petition, Thomas argued in part that his plea was involuntary and that petition was denied.

From 1991 until 2007, Thomas filed five different PCRA petitions, none of which afforded him any relief. Thomas filed his sixth PCRA petition, *pro se*, on March 27, 2019, and the PCRA Court appointed Thomas counsel a few weeks later. In this latest petition, Thomas argued that he never received a ruling on his *pro se* motion to withdraw his plea and his appellate counsel was ineffective for failing to raise that issue in the direct appeal. **See** PCRA petition, 3/27/2019, at 2-3.

PCRA counsel moved to withdraw from the case on September 12, 2019, explaining in a **Turner**-**Finley** No Merit letter[1] that in counsel's opinion, the

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

PCRA petition was time-barred and meritless. PCRA counsel added that Thomas had unsuccessfully raised the same claims in his first PCRA petition.

On October 2, 2019, the PCRA Court gave Thomas notice of its intention to summarily dismiss his petition and grant counsel's request to withdraw. The PCRA court denied the petition on November 13, 2019, and did so in a single order bearing all four of the county court docket numbers. The order reads in pertinent part as follows:

> [Thomas] asserts that PCRA Counsel did not properly address [his] assertions that the sentencing court failed to adhere to proper procedure, pursuant to Pa.R.Crim.P. 320 and 321, in addressing [Thomas'] Motion to Withdraw Nolo Contendere Plea. The Court again notes that the issue of whether [Thomas'] nolo contendere plea was knowing, intelligent, and voluntary was previously raised in [Thomas'] first PCRA Petition. This issue was considered and resolved by the Honorable Robert R. Kelly as evidenced by the Trial Transcript dated July 18, 1991 and Judge Kelly's Order of Court dated August 27, 1991. While [Thomas] asserts that the basis of the present Petition is that his Motion to Withdraw Nolo Contendere Plea was not addressed pursuant to proper procedure and that he is not challenging whether his nolo contendere plea was knowing, intelligent, and voluntary, the Motion to Withdraw Nolo Contendere Plea hinged on the issue of whether [Thomas] had entered a knowing, intelligent, and voluntary plea. This issue was resolved at the time that Judge Kelly dismissed [Thomas'] first PCRA Petition via his August 27, 1991 Order of Court. Accordingly, any claim arising from the procedure utilized by the trial court in resolving [Thomas'] Motion to Withdraw Nolo Contendere Plea is clearly time-barred under 42 Pa.C.S.A. § 9545(b)(1), and [Thomas] fails to point to any valid excuse or applicable exception. In any event, the issues raised in the present PCRA Petition were previously raised and addressed by way of Petitioner's first PCRA Petition, and have thus already been litigated and cannot form the basis of the present PCRA Petition. [Thomas'] Petition for Post-Conviction Collateral Relief is dismissed.

[Thomas] is advised that he has the right to file an appeal, either pro se or through privately retained counsel, to the Superior Court of Pennsylvania within thirty (30) days from the date of this Order.

PCRA Court Order, 11/13/2019, at 1-2.

Thomas timely filed a notice of appeal on December 12, 2019, with a caption listing the four county court docket numbers. That same day, on December 12, 2019, the Director of the Allegheny County Department of Court Records sent Thomas a letter acknowledging receipt of his notice of appeal. Thomas was advised that no notice of appeal would be forwarded to the Superior Court Prothonotary until separate amended notices were filed for each county court docket number.

Thomas complied with the recommendation and submitted separate notices of appeal on December 19, 2019. These four amended notices each became separate appeals, as the caption of this memorandum reflects.[2] On February 3, 2020, pursuant to Pa.R.A.P. 513, we consolidated the four appeals, *sua sponte*. The PCRA Court entered an order and a 1925(a) opinion on February 24, 2020, as to all four appeals. **See** 1925(a) Opinion, 2/24/2020, at 1-2.

---

[2] While his appeals were pending at 1904 WDA 2019, 1905 WDA 2019, 1906 WDA 2019, and 1907 WDA 2019, Thomas apparently filed a duplicative fifth notice of appeal at appellate number 11 WDA 2020, listing all four county court docket numbers. This Court quashed the duplicative appeal on January 30, 2020.

In his *pro se* appellate brief, Thomas reiterates the claim that due to his counsel's ineffectiveness, he never received a ruling on his pending motion to withdraw the global plea in his four cases. The Commonwealth responds that Thomas' petition was properly dismissed as untimely because the judgment of sentence became final decades ago and no exception to the PCRA's time-bar applies.

## II.

### A.

Before turning to the timeliness and merit of Thomas' sixth PCRA petition, we must address this Court's jurisdiction in light of **Commonwealth v. Walker**, 189 A.3d 969, 976-77 (Pa. 2018), where our Supreme Court applied the Comments of Pa.R.A.P. 341 in holding that a separate notice of appeal must be filed as to each docket number.

In this case, Thomas filed his initial notice of appeal on December 12, 2019, seeking review of a single order captioned with four docket numbers. This filing date was 29 days after the date the PCRA court denied the subject petition, making the notice timely. **See** Pa.R.A.P. 903(a) (appeal is timely if filed within "30 days after the entry of the order from which the appeal is taken.").[3]

_____

[3] It appears that with respect to Thomas' timely filed notice of appeal from December 12, 2019, this Court never assigned an appellate docket number. This is likely because the Department of Court Records did not forward

In **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), we addressed almost identical circumstances and determined that **Walker** did not require this Court to quash the appeal. The defendant in **Stansbury** had filed a single notice of appeal that included two docket numbers in the caption. The trial court had instructed him to file "a written notice of appeal to the Superior Court[.]" **Stansbury**, 219 A.3d at 159 (emphasis in original). We concluded that it would be unfair to quash the appeal because the defect in the notice resulted from the trial court's erroneous advice, which constituted a "breakdown in the court system." **Id.** at 160.

Similarly, in this case, Thomas was misled by the PCRA court into filing a single notice of appeal despite that four separate notices were required. The order dismissing his petition is captioned with four county court docket numbers, and it instructs that Thomas "has the right to file **an appeal**," in the singular. PCRA Court Order, 11/13/2019, at 2. The PCRA court's notice of intent to dismiss also referred to the proceedings as a single "matter." Thus,

---

Thomas' original notice to the Superior Court Prothonotary. Nevertheless, Thomas' initial notice was timely and properly filed. Pa.R.A.P. 905(a)(3) provides that "[u]pon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." **See First Union Nat'l Bank v. F.A. Realty Investors Corp.**, 812 A.2d 719, 723 (Pa. Super. 2002). Failure to time-stamp and docket a timely-filed notice of appeal, even a flawed one, is a breakdown in court operations warranting *nunc pro tunc* relief. **See Nagy v. Best Home Services**, 829 A.2d 1166, 1168 (Pa. Super. 2003).

as in **Stansbury**, the misadvice of the PCRA Court permits this Court to consider the appeal as properly filed.

**B.**

We now review the PCRA court's ruling that Thomas' petition was untimely.[4]  A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of three statutory exceptions applies.  **See** 42 Pa.C.S. § 9545(b)(1) (enumerating the three limited circumstances excusing an untimely petition).

Where a PCRA petition is facially untimely, a petitioner must invoke a statutory exception "within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).[5]  If a petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the

_____

[4] On reviewing an order denying PCRA relief, the record must be construed "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014))).  This Court may only consider whether the evidence supports the PCRA court's conclusion and whether the ruling is free of legal error.  **See Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).  The PCRA court's findings must be upheld as long as it is supported by the record.  **See Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

[5] 42 Pa.C.S. § 9545(b)(2) was amended, effective December 24, 2018, to allow petitioners one year from the date a claim could have been presented. The amendment only applies to claims arising on December 24, 2017, or after. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3.  Thomas' present claim arose at the time of his sentencing in 1989, so the older version of PCRA allowing 60 days from the date a claim could have been presented determines the deadline for his PCRA petition.

trial court has jurisdiction over the petition" and the substantive claims cannot be addressed. ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

Thomas' PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting 42 Pa.C.S. § 9545(b)(3)).

The trial court entered Thomas' judgment of sentence on March 28, 1989, and this Court affirmed the judgment of sentence on February 9, 1990. The Pennsylvania Supreme Court denied *allocatur* on October 31, 1990, and the time for filing an application for writ of certiorari to the United States Supreme Court expired 90 days later, on January 29, 1991. Under Section 9545(b)(1), Thomas had to file his PCRA petition within one year from that date (January 29, 1992), but he did not file the underlying petition until March 27, 2019.

This Court has no jurisdiction to consider the merits of Thomas' appeal unless he established one of the timeliness exceptions of Section 9545(b)(1). Thomas has not attempted to plead, much less prove, any of those exceptions

to the PCRA's time bar.[6]  Thus, the PCRA Court lacked jurisdiction to address Thomas' claims and his petition was properly dismissed.

Order affirmed.

Judge Murray joins the memorandum.

Judge McLaughlin files a concurring statement in which Judge Murray joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2020

---

[6] Thomas' appellate brief is difficult to follow but he seems to suggest that the present PCRA petition should be treated as timely because in 1989, the sentencing court violated the procedural rules in declining to consider an unfiled motion to withdraw his plea.  Thomas supposes that his motion has remained pending since that point, tolling the time for him to seek relief and have his plea vacated.  However, none of the arguments or authorities discussed in Thomas' brief affect this Court's calculation as to when his judgment of sentence became final – January 29, 1991.  As discussed above, a Pennsylvania court only has jurisdiction to consider a claim filed pursuant to the PCRA if it is filed within one year of that date, unless an exception applies. Over 28 years have passed, and Thomas does not plead or prove an exception. The claims are time barred.