COMMONWEALTH of Pennsylvania,
Appellee,

v.

Hassan Tanal ALAOUIE, Appellant.

Superior Court of Pennsylvania.

Submitted July 28, 2003.
Filed Nov. 26, 2003.

Eric R. Linhardt, Williamsport, for appellant.

Lori A. Rexroth, Asst. Dist. Atty., Lock Haven, for Com., appellee.

Before: MUSMANNO, TODD, and POPOVICH, JJ.

TODD, J.

¶ 1 Hassan Tanal Alaouie appeals the order entered January 7, 2003 by the Court of Common Pleas of Clinton County dismissing his summary appeal as untimely. We reverse the order and remand.

¶ 2 The factual and procedural history of this case [1] may be summarized as follows: Alaouie, who is a commercial truck driver and a resident of Michigan, was stopped on September 11, 2002 and issued two traffic citations—one for traveling 81 miles per hour in a 65 mile per hour zone in violation of 75 Pa.C.S.A. § 3362(a)(1), and one for not keeping his log book current in violation of 75 Pa.C.S.A. § 4107(b)(2). On September 20, 2002, a Clinton County district justice found him guilty of both offenses. Following his convictions, Alaouie, who was unrepresented by counsel at the time, obtained the appropriate notice of appeal forms from the Clinton County prothonotary's office and partially completed them by including his full name and address, the date of the citation, and the citation numbers. According to Alaouie, he then forwarded the partially completed forms to the Clinton County prothonotary's office for filing, along with full payment of the filing fee. Alaouie claims that he mailed the forms before the 30–day appeal period expired, but that the prothonotary's office refused to accept the forms and instead returned the forms and the filing fee to him in Michigan. Upon receiving the forms and fees in the return mail, Alaouie claims that he retained counsel in Pennsylvania and mailed the partially completed forms to his counsel, who completed the forms and filed them with the court. Ultimately, Alaouie's appeal was filed approxi-mately 24 days after the appeal period had expired.

¶ 3 Alaouie's summary appeal hearing was scheduled for January 6, 2003 before the Honorable Michael Williamson of the Clinton County Court of Common Pleas. At the time of the hearing, Alaouie was represented by Steven C. Smith, Esquire and the Commonwealth was represented by Assistant District Attorney Frederick D. Lingle. After the case was called, but before any testimony was taken, Attorney Lingle, apparently having negotiated a plea agreement, moved to amend the speeding citation to reflect 74 miles per hour in a 65 mile per hour zone. Judge Williamson denied the motion and proceeded to hear testimony from the trooper who had stopped Alaouie. Just after the trooper stated his name and position, Judge Williamson *sua sponte* questioned the timeliness of the appeal and dismissed the case without conducting any inquiry or allowing Alaouie's counsel to explain why the appeal was untimely. As the Commonwealth concedes in its brief (*see* Appellee's Brief at 4), Judge Williamson interrupted Alaouie's counsel and dismissed the case before any facts about the timeliness issue could be made a part of the record:

> THE COURT: Mr. Lingle, I realize that your employer, Mr. McKnight's position is that I ought not to be telling you what to do, but is there a timeliness problem here?
>
> MR. SMITH: Judge, if I may, they were sent to the Prothonotary's—I wasn't involved in that but directly from my client—and they weren't properly filled out. So, they were sent back and then sent back in, so—

---

1. In its brief, the Commonwealth indicates that Alaouie's Statement of the Case "accurately reflects" the factual and procedural history of the case and that the Commonwealth relies on it "without any additions or corrections." (Commonwealth's Brief at 2.) The Commonwealth further states in its brief that, while asserting that Alaouie's summary appeal was filed in an "untimely manner", it takes no position on the merits of this appeal. (*Id.* at 4.)

THE COURT: Enter the following Order:

"Now, January 6, 2003, these appeals being untimely, they are dismissed and the decisions of the District Justice are reinstated."

That's it. You have the right to appeal within thirty days to the Superior Court, sir.

(N.T. Summary Appeal Hearing, 1/6/03, at 3.) This timely appeal followed.

¶ 4 Alaouie presents the following issue for our review: "Did the trial court err in dismissing defendant's appeal without conducting an appropriate inquiry or otherwise allowing counsel an opportunity to show that the untimely appeal of defendant's summary conviction was a result of fraud, breakdown in the operation of the court, or non-negligent happenstance?" (Appellant's Brief at 4.)

¶ 5 The requisites for filing an appeal to the Court of Common Pleas in a summary criminal case are set forth in Rule 460 of the Pennsylvania Rules of Criminal Procedure. While Alaouie concedes that Rule 460 requires all appeals from summary convictions to be filed within 30 days of conviction by the district justice, he claims that the delay in his case was excusable as it was the result of non-negligent circumstances and/or a breakdown in the court's operations. Here, as the Commonwealth concedes, the incomplete notice of appeal forms were received by the prothonotary's office within the time fixed for filing. Furthermore, the Commonwealth does not dispute Alaouie's contention that he provided his name, address, the date of the citations, and the citation numbers on the notices. The only question is whether the prothonotary's office had the power to reject those forms as defective. We conclude that it did not.

¶ 6 In making this determination, we are guided by this Court's recent decision in *Nagy v. Best Home Serv., Inc.*, 829 A.2d 1166 (Pa.Super.2003). We stated in *Nagy*,

> [w]hile the Prothonotary must inspect documents that are sent for filing to ensure they are in the proper form, the power to reject such documents is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum. To hold otherwise would be to confer on the Prothonotary the power to "implement" the Rules governing the form of an appeal and to determine, based upon criteria other than the date they are received, which appeals are timely. Such a power is inconsistent with our supreme court's pronouncement that a document is filed when the Prothonotary receives it. Once filed, a notice of appeal is, as with an appeal filed in this court, subject to being stricken or dismissed for failing to cure defects on its face.

*Nagy*, 829 A.2d at 1170 (citations omitted).[2] Although *Nagy* is a civil case applying Pa.R.C.P.D.J. 1002.A, we find its rationale equally applicable to summary appeals under Pa.R.Crim.P. 460. Under *Nagy*, the prothonotary's office in this case should have time-stamped Alaouie's timely, albeit flawed, notices of appeal, subject to them later being stricken or dismissed for failure to cure the defects. It is undisputed that the defects in Alaouie's notices of appeal were cured by

---

**2.** As this Court alluded to in *Nagy*, we note that a defective but timely filed appeal to this Court does not render the appeal invalid. *Department of Transp. v. Florek*, 71 Pa.Cmwlth. 615, 455 A.2d 1263 (1983); Pa.R.A.P. 902

("[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal.").

the time his appeal was dismissed as untimely.

¶ 7 Ordinarily, we would remand this case for a determination of whether the prothonotary's office actually received Alaouie's notices of appeal before the 30-day appeal period expired. Because the Commonwealth concedes the accuracy of Alaouie's statement of the facts, however, it is uncontested that Alaouie's imperfect notices of appeal were timely received by the prothonotary, and so we therefore find further proceedings unnecessary to establish the timeliness of the receipt. Furthermore, we conclude that the trial court erred in dismissing Alaouie's appeal without entertaining his explanation for the untimely notices; we view Alaouie's offer of an explanation at trial essentially as a request for *nunc pro tunc* relief. *See Nagy, supra; Criss v. Wise,* 566 Pa. 437, 441, 781 A.2d 1156, 1159 (2001) (allowing appeal *nunc pro tunc* where failure to file timely appeal was due to non-negligent circumstances). Accordingly, we reverse the order dismissing the appeal and remand for proceedings consistent with this Opinion.

¶ 8 Order **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**