J. A03002/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARILYN KENT, | : | |
| | : | |
| Appellant | : | No. 508 EDA 2015 |

Appeal from the Order January 30, 2015
In the Court of Common Pleas of Bucks County
Criminal Division No(s).: CP-09-MD-0001640-2014

BEFORE: GANTMAN, P.J., MUNDY,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 30, 2016**

Marilyn Kent appeals from the Honorable Wallace H. Bateman, Jr.'s denial of her Motion to Appeal *nunc pro tunc* from her summary convictions for, among other things, cruelty to animals and criminal mischief. After careful review, we find an administrative breakdown in the court's handling of the appeal process, reverse the trial court's denial of *nunc pro tunc* relief and remand for further proceedings.

The procedural history of this case is as follows. On August 21, 2013, and September 4, 2013, Bucks County Magisterial District Judge Gary Gambardella found Appellant guilty of four summary offenses of Criminal Mischief and Cruelty to Animals. Judge Gambardella sentenced her to a term of 24 consecutive hours' incarceration at the Bucks County Correctional Facility.

Appellant, acting *pro se*, filed timely Notices of Appeal from her summary convictions on September 12, 2013, and September 23, 2013, for the convictions dated August 21, 2013, and September 4, 2013, respectively. At the same time, she filed Motions to Proceed *In Forma Pauperis* ("IFP Petitions").

The Bucks County Clerk of the Court of Common Pleas received Appellant's Notices of Appeal. Each Notice of Appeal was time stamped, but the Clerk of Courts failed to file or docket either appeal.

The Clerk of Courts also received Appellant's IFP Petitions, and created separate miscellaneous dockets in the Court of Common Pleas for each.[1] On September 12, 2013, the Bucks County Deputy Clerk sent Appellant a letter ("Acknowledgment Letter"), acknowledging the receipt of the IFP Petitions as well as informing Appellant about the procedure when the court grants or denies the IFP Petitions. In particular, the Acknowledgment Letter informed Appellant that if the court denied the IFP Petitions, Appellant would have ten days to pay the filing fee:

> If the [IFP] petition is granted, [the Clerk of Courts] will notify the District Court to forward your case to the Court of Common Pleas for summary appeal. **If the petition is denied and the filing fee is not paid within ten (10) days, the case remains at the District Court level.**

Defense Exhibit D-2, Hearing on Motion, 12/23/14; R.R. at 111a (emphasis added).

---

[1] **See** Dockets No. CP-09-MD-0002684-2013 and CP-09-MD-0002768-2013.

Six weeks later, the Court Administration from the Court of Common Pleas returned Appellant's "pleadings" and notified her that her IFP Petitions had "not been acted upon by the Court," as they were "deficient."[2] Commonwealth Exhibit C-3, Hearing on Motion, 12/23/14. The Court Administration's letter to Appellant, however did not provide the Appellant with notice that if she failed to complete the IFP Petitions, the court would dismiss the IFP Petitions.

Appellant did not respond to the Court Administration's letter and six weeks later Judge Gambardella sent Appellant a letter ("Judge Gambardella Letter") informing Appellant she no longer had a right to appeal:[3]

> It has come to my attention that you have failed to perfect your appeals in the above-captioned non-traffic citation cases in which verdicts of guilty have been entered. Therefore, as the appeal periods have expired in each of these matters, the judgments of sentence for these matters are final.

Defense Exhibit D-3, Hearing on Motion, 12/23/14; R.R. at 112a-113a. The Judge Gambardella Letter was not accompanied by an order, and was not docketed in either of the miscellaneous dockets.

---

[2] The deficiency was indicated with a check in a box marked "other" with the explanation "Affidavit must include the value of all property including livestock, equipment and supplies used to maintain such livestock." Commonwealth Exhibit C-3, Hearing on Motion, 12/23/14.

[3] This letter completely ignored the fact that Appellant had already submitted timely Notices of Appeal that the Clerk of Courts refused to file. This letter also fails to follow the procedure laid out by the Acknowledgement Letter. In particular, the Judge Gambardella Letter does not actually dismiss the IFP Petitions or give Appellant ten days to pay the filing fee.

In response to the Judge Gambardella Letter, Appellant took the following actions to resurrect her appeals. First, on December 23, 2013, Appellant filed a *pro se* "Motion for Extension of Time" citing long-term illness.[4] On December 30, 2013, she filed a *pro se* motion seeking, among other things, Reinstatement of the Appeal.[5] Third, sometime in January of 2014, Appellant returned to the Clerk of Courts' office and filed completed IFP petitions in her initial summary appeals.[6]

Appellant also retained counsel who filed a Motion Seeking Leave to Amend her summary appeals or, in the alternative, file appeals from the summary offenses *nunc pro tunc*.

On December 23, 2014, the Honorable Wallace H. Bateman, Jr. held a hearing on the motion. Natalie Litchko, an employee of the Clerk of Courts, testified that the Clerk of Courts never filed Appellant's appeal "because [the

---

[4] The Clerk of Courts failed to docket this Motion. Commonwealth Exhibit C-1, Hearing on Motion, 12/23/14; R.R. at 119a. It does not appear to have ever been denied, dismissed, or otherwise addressed. **See** Dockets No. CP-09-MD-0002684-2013 and CP-09-MD-0002768-2013.

[5] This Motion was docketed with one of Appellant's two IFP petitions. **See** Docket No. CP-09-MD-0002768-2013. The Motion was "[f]orwarded for consideration" and then "returned to file without action by Judge Bateman." **See** Commonwealth Exhibit C-1, Hearing on Motion, 12/23/14; R.R. at 115a. There is no record of the motion requesting Reinstatement ever being denied, dismissed, or otherwise addressed. **See** Dockets No. CP-09-MD-0002684-2013 and CP-09-MD-0002768-2013.

[6] Although Natalie Litchko, an employee of the Clerk of Courts, testified that the new IFP petition was considered and granted, this appears nowhere in the Court of Common Pleas docket. N.T. Hearing, 12/23/14, at 21. The Clerk of Courts took no action after the new IFP petition was granted. **Id.**

IFP] was not perfected." N.T. Hearing, 12/23/14, at 21. Judge Bateman denied Appellant's Motion for Leave to Appeal *Nunc Pro Tunc* and reinstated the sentence imposed by Judge Gambardella. Order, dated 1/30/15.

Appellant filed a timely Notice of Appeal to this Court, and a Rule 1925(b) Statement raising twelve issues. We need to address only the issue of whether the trial court properly denied Appellant *nunc pro tunc* relief:

> Did the [c]ourt below commit reversible error and abuse its discretion in denying the [Appellant's] Motion to Appeal *Nunc Pro Tunc*, and in the alternative to Amend Summary Appeals under the facts of this case?

Appellant's Brief at 3.

In an appeal from the denial of a motion to appeal *nunc pro tunc,* this Court has stated our standard of review as follows:

> [T]he allowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal *nunc pro tunc* are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

***Commonwealth v. Yohe,*** 641 A.2d 1210, 1211 (Pa. Super. 1994) (citations and internal quotation marks omitted).

Appellant contends that the trial court abused its discretion and erred as a matter of law in denying her leave to appeal *nunc pro tunc* where the Clerk of Courts failed to file Appellant's Notices of Appeal and failed to dismiss or deny her IFP petitions. We agree.

"An appeal *nunc pro tunc* is intended to be an extraordinary remedy to vindicate the right to an appeal where that right has been lost due to some extraordinary circumstance." **Commonwealth v. White,** 806 A.2d 45, 46 (Pa. Super. 2002) (citation omitted). "Generally, an appeal *nunc pro tunc* may be allowed when a delay in filing the appeal is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." **Cook v. Unemployment Comp. Bd. Of Review**, 671 A.2d 1130, 1131 (Pa. 1996) (citations and internal quotation marks omitted).

We find that the trial court erroneously denied *nunc pro tunc* relief where there was an administrative breakdown in the court's operations.

The Office of the Clerk of Courts expressly told Appellant in its Acknowledgment Letter that it would take one of two actions on Appellant's IFP petitions, and then failed to follow its own announced procedures. The Acknowledgment Letter told Appellant the court would either grant or deny her IFP Petitions, and if the court denied them, she would have 10 days to pay the filing fees. Instead, the Clerk of Courts not only failed to actually grant or deny the IFP petitions, they did so without providing any further action, direction, or notice to Appellant. Such failure to follow through on its own stated procedures constitutes a breakdown in the court's operations.

Furthermore, the Office of the Clerk of Courts was without authority to refuse to docket Appellant's timely Notices of Appeal. By its own admission,

the Office of the Clerk of Courts refused to file Appellant's timely Notices of Appeals because of a defect in the IFP petitions. As this Court has repeatedly made clear, a prothonotary or Clerk of Courts' failure to process a defective but otherwise timely appeal constitutes a breakdown in the court's operations. ***See Commonwealth v. Alaouie***, 837 A.2d 1190, 1192 (Pa. Super. 2003) (holding the prothonotary had no authority to reject an appellant's timely but defective Notice of Appeal from a summary conviction). ***See also Amicone v. Rok***, 839 A.2d 1109, 1115 (Pa. Super. 2003) (holding that because "the prothonotary's office was without the power to reject the appeal . . . there was a breakdown in the court's operation through a default of its officers."); ***Nagy v. Best Home Services, Inc.***, 829 A.2d 1166, 1168 (Pa.Super. 2003) (finding a breakdown in the court's operations due to the prothonotary's "failure to time stamp and docket the timely-filed, albeit flawed, notice of appeal."). The Clerk of Courts was required to docket and process the Notices of Appeal and IFP petitions. The failure to do so constituted a clear breakdown in the court's operations.[7] ***Alaouie***, 837 A.2d at 1192.

---

[7] The trial court erred in finding Appellant's own negligence caused this breakdown in the court's operations. When an appellant seeks *nunc pro tunc* relief on the grounds there was a breakdown in the court's operations, the proper focus of the inquiry is on the conduct of the court and its officers. ***See e.g., Nagy***, 829 A.2d at 1167-68 (holding a breakdown in the court's operations warranted *nunc pro tunc* relief where prothonotary refused to docket a timely-filed notice of appeal, despite the fact that appellant's Notice (*Footnote continued*)

Having found a breakdown in the court's operations, we must now consider whether Appellant timely pursued *nunc pro tunc* relief.  **Yohe**, 641 A.2d at 1212 ("A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating . . . that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, he acted promptly to seek such relief.").

The Judge Gambardella Letter put Appellant on notice that there had been a breakdown in the court's operations.  Within days, Appellant made three separate attempts to re-assert her appellate rights in response to the Judge Gambardella Letter.  **See supra** at slip op. 4.  The fact that the Clerk of Courts improperly docketed or otherwise ignored these efforts does not diminish Appellant's demonstrated diligence.  When her efforts were ignored, she retained private counsel.  We conclude Appellant was diligent and timely in her pursuit of an appeal *nunc pro tunc*.

Therefore, we reverse the order of January 30, 2015, and we remand for proceedings consistent with this memorandum opinion.

Order reversed.  Case remanded. Jurisdiction relinquished.

President Judge Gantman joins the memorandum.

Judge Mundy concurs in the result.

---

of Appeal lacked all required signatures and lacked a copy of the judgment below).

- 8 -

J. A03002/16

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016