J-S54031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM STIDFOLE | : | |
| | : | |
| Appellant | : | No. 449 MDA 2020 |

Appeal from the PCRA Order Entered February 4, 2020
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000677-2016

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED FEBRUARY 25, 2021**

Adam Stidfole ("Stidfole") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In or about September 2016, Mifflin County Children and Youth ("CYS") received two reports regarding the care of a 10-year-old girl ("the victim").  The first report indicated that the victim was being left alone with Stidfole, who was not the victim's father or an appropriate caretaker.  The second report indicated that the victim was overheard talking about having sex with Stidfole and watching pornography.  CYS caseworker Hannah Wert ("Wert") investigated the allegations, and reported the matter to the Pennsylvania State Police.

State Trooper Shane Varner ("Trooper Varner") was assigned to investigate the case.  As a part of his investigation, Trooper Varner

interviewed Stidfole, and arranged for the victim to be interviewed by a specialist with the Children's Advocacy Center. After the interviews, Trooper Varner filed a Criminal Complaint, accusing Stidfole of various sexual offenses relating to the unlawful touching of the victim's vagina.

On September 18, 2017, following a trial, a jury found Stidfole guilty of one count each of aggravated indecent assault and corruption of minors, and three counts each of unlawful contact with a minor and indecent assault.[1] On December 15, 2017, the trial court sentenced Stidfole to an aggregate term of 25 to 50 years in prison.[2] Stidfole did not file any post-sentence motions or a direct appeal.

On May 7, 2018, Stidfole, *pro se*, filed the instant PCRA Petition. The PCRA court appointed Justin P. Miller, Esquire ("Attorney Miller"), as counsel for Stidfole. On August 5, 2019, Attorney Miller filed an Amended PCRA Petition. Following a hearing, on February 4, 2020, the PCRA Court entered an Order denying Stidfole's Amended PCRA Petition.

On March 5, 2020, Stidfole filed an Application for leave to proceed *in forma pauperis* ("IFP") on appeal ("Application for IFP Status"). On March 10, 2020, the PCRA court granted Stidfole's Application for IFP Status, and

---

[1] **See** 18 Pa.C.S.A. §§ 3125(a)(7), 6301(a)(1)(ii), 6318(a)(1), 3126(a)(7).

[2] On March 6, 2018, the trial court entered an "Amended Sentence" to correct the numbering of the counts on the December 15, 2017, sentencing Order. Stidfole's sentence remained the same.

Stidfole filed a counseled Notice of Appeal from the February 4, 2020, Order denying his Amended PCRA Petition. Stidfole subsequently filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On April 23, 2020, this Court entered an Order stating that Stidfole's March 10, 2020, Notice of Appeal was filed outside of the 30-day appeal period,[3] and directing Stidfole to show cause why his appeal should not be quashed as untimely. On May 18, 2020, Attorney Miller filed a Response with this Court.

In his Response, Attorney Miller claims that he had mailed Stidfole's Notice of Appeal with the Application for IFP Status; both documents were delivered to the Mifflin County Clerk of Courts on March 5, 2020; the Mifflin County Clerk of Courts time-stamped his Application for IFP Status on March 5, 2020; and a breakdown in court operations caused the Notice of Appeal not to be time-stamped on March 5, 2020, and to be untimely filed on March 10, 2020. Attorney Miller attached to his Response a letter from the Mifflin County Clerk of Courts, indicating that the Clerk of Courts had received Stidfole's Notice of Appeal on March 5, 2020, but waited to time-stamp and file it until March 10, 2020, after the PCRA court had granted his Application

_____

[3] **See** Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").

for IFP Status. This Court subsequently discharged the Rule to show cause, and referred the timeliness issue to the merits panel.

This Court has held that "[a]bsent a breakdown in the operations of the court, time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Valentine**, 928 A.2d 346, 349 (Pa. Super. 2007) (brackets, quotation marks and citation omitted). Pennsylvania Rule of Appellate Procedure 905 provides that "[u]pon receipt of the notice of appeal, the clerk [of courts] shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905.

Here, the Mifflin County Clerk of Courts received Stidfole's Notice of Appeal on March 5, 2020, and failed to stamp it with the date of receipt. Had the Clerk of Courts stamped Stidfole's Notice of Appeal when it was received, in accordance with Rule 905, Stidfole's Notice would have been timely filed. Thus, we conclude that a breakdown in court operations caused Stidfole's Notice of Appeal to be untimely filed. **See id.**; **see also Nagy v. Best Home Servs., Inc.**, 829 A.2d 1166, 1168 (Pa. Super. 2003) (finding a breakdown in court operations where the appellant deposited his notice of appeal with the trial court's Prothonotary within the 30-day period, and the Prothonotary failed to time-stamp and docket the notice of appeal when it was received); **accord Commonwealth v. Alaouie**, 837 A.2d 1190, 1192

(Pa. Super. 2003). Accordingly, we have jurisdiction to consider Stidfole's claims on appeal.

On appeal, Stidfole raises the following issues for our review:

1. Whether the [PCRA] court committed an abuse of discretion and/or error of law in not finding [Stidfole's] trial counsel ineffective for the following reasons:

> a. Failing to challenge the qualifications of the [victim's] therapist;
>
> b. Failing to raise a taint objection;
>
> c. Failing to obtain complete discovery;
>
> d. Failing to cross-examine witness [] Wert; and
>
> e. Failing to call defense witnesses.

Brief for Appellant at 4.

"The standard of review of an order [denying] a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Weimer***, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.*** (citation omitted).

In each of Stidfole's claims, he argues the ineffectiveness of his trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner

- 5 -

must establish, first, that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced." **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A PCRA petitioner must address each of these prongs on appeal." **Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. **Commonwealth v. Hannible**, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010).

In his first claim, Stidfole argues that his trial counsel was ineffective in presenting his objection to the Commonwealth's request to present the victim's testimony by way of contemporaneous alternative testimony. Brief for Appellant at 10-11. According to Stidfole, his trial counsel "made no effort to challenge the contemporaneous alternative testimony," and ineffectively questioned the victim's therapist, Dionne Sterner ("Sterner"), who testified in favor of the contemporaneous alternative testimony, regarding her qualifications. **Id.** at 10-11.

Our review of the record discloses that Stidfole's trial counsel objected to the contemporaneous alternative testimony, and objected to Sterner's ability to testify regarding the necessity of the victim testifying via contemporaneous alternative testimony. **See** N.T., 9/12/17, at 3-4, 11-12;

N.T., 1/27/20, at 6-7. The trial court overruled both objections. N.T., 9/12/17, at 13; Order, 9/15/17. Moreover, Stidfole's trial counsel explained at the PCRA hearing that Sterner testified regarding her qualifications, and that he did not see any reason to challenge her qualifications. N.T., 1/27/20, at 7, 27-28. Indeed, in its Opinion, the PCRA court states that it "found [Sterner] to be qualified to discuss the victim's [mental health] treatment." PCRA Court Opinion, 2/4/20, at 3. Thus, we agree that Stidfole's underlying claim lacks arguable merit, and that his trial counsel had a reasonable basis for his actions. **See Charleston**, **supra**. Accordingly, this claim fails.

In his second claim, Stidfole argues that his trial counsel was ineffective in failing to object to the victim's testimony at trial on the grounds that her testimony was tainted. Brief for Appellant at 11-12. Stidfole states that there was "*possible* taint based on the witness's age and suggestive interviews," and that his trial counsel should have obtained the transcripts from the interviews of the victim, and certain CYS records, which may have shown that the victim's testimony was tainted. **Id.** at 12 (emphasis added).

Here, Stidfole has not presented any evidence supporting his claim that the interviews of the victim were "suggestive," that the victim was susceptible to suggestion, or that the victim testified falsely. Indeed, Stidfole failed to produce any records from CYS, or any transcripts from

interviews of the victim, in support of his claim. Lacking *any* evidence that the victim's testimony was tainted, Stidfole's claim that his trial counsel was ineffective for failing to raise an objection regarding tainted testimony fails. *See Commonwealth v. Brown*, 872 A.2d 1139, 1150 (Pa. 2005) (stating that "trial counsel cannot be deemed ineffective for failing to present [certain evidence at trial,] when there was no such evidence of record."). Further, Stidfole's trial counsel testified at the PCRA hearing that he had obtained records from CYS, and there was nothing in the records that indicated the victim's testimony may have been tainted. N.T., 1/27/20, at 9-10, 29-31. Accordingly, we conclude that Stidfole's underlying claim lacks merit, and Stidfole failed to establish the lack of a reasonable basis for his trial counsel's actions. *See Charleston*, *supra*. Accordingly, this claim fails.

In his third claim, Stidfole argues that his trial counsel was ineffective in failing to obtain CYS records regarding the victim. Brief for Appellant at 12-13. According to Stidfole, CYS possesses records showing that the victim

> has made similar accusations against other individuals, all of which were determined to be unfounded or otherwise dismissed by the relative agencies; [t]hat [the victim] was coerced to name [Stidfole] as a perpetrator by investigators, counselors, therapists, and others charged with her well-being; and that the [victim] made statements to relevant caseworkers tending to cast doubt on the truth of her testimony at trial.

*Id.* at 12.

Again, Stidfole failed to present any evidence in support of his third claim. Stidfole has not presented any records from CYS, or testimony from

any "investigators, counselors, therapists, or others charged with [the victim's] well-being," that would support his allegation. Lacking any evidence that CYS possessed these records, Stidfole's claim that trial counsel was ineffective for failing to obtain them lacks merit. *See Brown*, *supra*. Because Stidfole's underlying claim lacks merit, his third ineffectiveness claim fails. *See Charleston*, *supra*.

In his fourth claim, Stidfole argues that his trial counsel was ineffective in failing to cross-examine Wert at trial. Brief for Appellant at 13-14. Stidfole claims that "[h]ad trial counsel obtained copies of the CYS records and properly evaluated them, he could have developed a line of questioning designed to undermine the witness's credibility and elicited facts that would have bolstered the credibility of [Stidfole's] denial of wrongdoing or criminality." *Id.* at 14.

Here, Stidfole again failed to present any evidence to support his claim that CYS had documents in its possession that could have impeached Wert's credibility or bolstered Stidfole's credibility. *See Brown*, *supra*. Additionally, Stidfole's trial counsel testified at the PCRA hearing that he believed there would be no benefit to cross-examining Wert because "she didn't testify to anything on direct that was harmful or incriminating to [] Stidfole." N.T., 1/27/20, at 32; *accord id.* at 13. We conclude that Stidfole's underlying claim lacks arguable merit. Further, Stidfole failed to

establish that his trial counsel lacked a reasonable basis for his actions. ***See***

***Charleston***, ***supra***. Accordingly, this claim fails.

In his fifth claim, Stidfole argues that his trial counsel was ineffective in failing to call character witnesses at trial to testify on his behalf. Brief for Appellant at 14-15. Stidfole argues that he provided his trial counsel with a list of witnesses who would have testified regarding his good character, and that trial counsel failed to interview any of the witnesses, or present their testimony at trial. ***Id.***

> The failure to call character witnesses does not constitute *per se* ineffectiveness. In establishing whether defense counsel was ineffective for failing to call witnesses, appellant must prove: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Treiber***, 121 A.3d 435, 463-64 (Pa. 2015) (citation and paragraph break omitted).

Here, Stidfole has not asserted that any of the alleged witnesses were available to testify at trial, or explained how the absence of this testimony caused him prejudice. ***See id.*** Moreover, Stidfole's trial counsel testified at the PCRA hearing that "[p]resenting character testimony would have potentially opened the door for the Commonwealth to bring in things that we didn't want brought in…." N.T., 1/27/20, at 22. Trial counsel explained that Stidfole had a prior criminal record for offenses similar to the ones for which

he was on trial, and counsel was concerned that the Commonwealth would have cross-examined Stidfole regarding these convictions if he presented good-character evidence. *Id.* at 34. We conclude that Stidfole's underlying claim lacks arguable merit. Further, Stidfole failed to demonstrate that his trial counsel lacked a reasonable basis for his actions. *See Charleston*, *supra*; *Treiber*, *supra*; *see also Commonwealth v. Hull*, 982 A.2d 1020, 1023 (Pa. Super. 2009) (stating that "[c]ounsel has a reasonable, strategic basis for not calling character witnesses if he has a legitimate reason to believe that the Commonwealth would cross-examine the witnesses concerning bad-character evidence."). Accordingly, this claim fails.

Based on the foregoing, we affirm the PCRA court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2021