J-S21022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DANIEL RILEY :
:
Appellant : No. 1818 EDA 2020

Appeal from the PCRA Order Entered August 28, 2020,
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006088-2012

BEFORE: BOWES, J., OLSON, J., and COLINS, J.*

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 20, 2021**

Appellant, Daniel Riley, appeals from the August 28, 2020 order

dismissing his petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural history as follows:

On September 16, 2015, following a jury trial[, Appellant] was
convicted of one count each of first-degree murder (18 Pa.C.S.[A.]
§ 2502), conspiracy to commit robbery (18 Pa.C.S.[A.] § 903),
robbery (18 Pa.C.S.[A.] § 3701), carrying a firearm on a public
street in Philadelphia[, Pennsylvania] (18 Pa.C.S.[A.] § 6108),
and possessing an instrument of crime (18 Pa.C.S.[A.] § 907).
[Appellant] was jointly tried with his co-defendant[.] The [trial]
court immediately imposed the mandatory sentence of life in
prison for the murder charge [pursuant to] 18 Pa.C.S.[A.]
§ 1102(a)(1)[. Appellant] filed post-sentence motions, which the
[trial] court denied on December 22, 2014. [Appellant] was
represented at trial by Robert Dixon, Esquire.

On April 26, 2016, the Superior Court affirmed [Appellant's]
judgment of sentence. On August 22, 2016, the Pennsylvania

---

* Retired Senior Judge assigned to the Superior Court.

Supreme Court denied [Appellant discretionary review. Appellant subsequently] filed a *pro se* [PCRA] petition [] on March 27, 2017. Benjamin Cooper, Esquire was appointed to represent [Appellant] on August 21, 2017. However, Todd M. Mosser, Esquire [("Attorney Mosser"),] whom [Appellant] retained [as private counsel, entered his appearance on behalf of Appellant] on January 23, 2018. [Attorney] Mosser was assisted in his representation of [Appellant] by Catherine Hockensmith, Esquire [("Attorney Hockensmith")].

On July 12, 2018, [Attorney] Mosser filed a counseled [amended] PCRA petition raising two claims: 1) that trial counsel was ineffective for failing to investigate and call *alibi* witnesses; and 2) that the admission of his non-testifying co-defendant's redacted statement violated the Confrontation Clause. On May 24, 2019, [Attorney] Mosser, with leave of court, amended [the PCRA] petition, raising the same two claims, but modifying the attorney certification regarding [*alibi*] witnesses that accompanied the petition.

On June 27, 2019, the [PCRA] court issued [a] notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss [Appellant's] PCRA petition without an evidentiary hearing (''[Rule] 907 Notice") for [the following reasons:] 1) as to [Appellant's] first issue, [Appellant] failed to include certifications for his proffered *alibi* witnesses; and 2) as to [Appellant's] second issue, the same Confrontation Clause claim had been previously litigated in [Appellant's] direct appeal.

On July 17, 2019, [Appellant] filed an objection to the [Rule] 907 Notice, requesting to amend his petition once again to cure the witness certification defect regarding his *alibi* witness claim.[1] Appended to this petition was a signed "declaration" of [a] proffered *alibi* witness[, Appellant's brother's paramour], who was one of four *alibi* witnesses that [Appellant] claimed trial counsel neglected to investigate and call [as witnesses during his] trial. No other certifications from other *alibi* witnesses were provided.

In response to [Appellant's objection to the Rule] 907 Notice, the [PCRA] court granted an evidentiary hearing on the sole claim that

---

[1] Although a second amended PCRA petition was attached to Appellant's Rule 907 Notice, the PCRA court never granted counsel's request to file the second amended PCRA petition.

trial counsel was ineffective for failing to call [Appellant's brother's paramour] as an *alibi* witness. The hearing was originally scheduled for April 3, 2020, but due to the COVID-19 [global] pandemic, it was rescheduled for September 17, 2020. However, at a final pre-hearing conference [] on August 28, 2020, [which was held] to ensure that all parties would be ready to proceed with the [evidentiary] hearing[, Attorney] Hockensmith advised the [PCRA] court that the potential *alibi* witness would not testify at the [evidentiary] hearing, and that [Appellant] was withdrawing the witness certification for that witness. Because no witness certifications for any other *alibi* witnesses had been provided, the [PCRA] court dismissed the PCRA petition and cancelled the September 17,2020 [evidentiary] hearing.

PCRA Court Opinion, 12/15/20, at 1-3 (extraneous capitalization and record citations omitted).

On September 23, 2020, Appellant filed a notice of appeal.[2] The PCRA court ordered Appellant to file a concise statement of errors complained of on

---

[2] A review of the PCRA court docket statement demonstrates that on September 23, 2020, Attorney Mosser electronically filed a motion to withdraw as counsel for Appellant. That same day, Attorney Mosser also electronically filed a second document that was incorrectly identified as Appellant's notice of appeal. This second document was, in fact, a duplicate copy of Attorney Mosser's motion to withdraw as counsel for Appellant. In a March 26, 2021 *per curiam* order, this Court issued a rule to show cause why Appellant's appeal should not be quashed for failure to file a timely notice of appeal. In an April 4, 2021 response to the rule to show cause order, Appellant's counsel, Teri B. Himebaugh, Esquire ("Attorney Himebaugh") averred that Attorney Mosser inadvertently attached the wrong document when he electronically filed the duplicate motion to withdraw that was inaccurately identified as Appellant's notice of appeal. Attorney Himebaugh stated that the Clerk of Courts for the Court of Common Pleas of Philadelphia County notified Attorney Mosser in January 2021, regarding the incorrect filing. Upon submitting a copy of the notice of appeal, Attorney Mosser understood that the filing error would be corrected by the Clerk of Courts. In an April 16, 2021 *per curiam* order, this Court discharged the rule of show cause and referred the issue to the merits panel.

appeal in accordance with Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement on November 18, 2020, and the PCRA court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

[1.] Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the [United States] Constitution and Article [I, Section] 9 of the Pennsylvania Constitution violated by trial counsel's ineffective failure to investigate and call *alibi* witnesses[,] namely [Appellant's brother and his uncle,] to testify at Appellant's trial?

[2.] Did PCRA counsel ineffectively fail to obtain statements from these available witnesses [thereby] causing the PCRA court

_____

This Court has long-held that,

> [w]hile the Prothonotary[, or the Clerk of Courts,] must inspect documents that are sent for filing to ensure they are in the proper form, the power to reject such documents is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum.

***Commonwealth v. Alaouie***, 837 A.2d 1190, 1193 (Pa. Super. 2003) (citation omitted). Here, the Clerk of Courts accepted Attorney Mosser's electronic filing, which was inaccurately identified as a notice of appeal, on September 23, 2020, but did not contact Attorney Mosser until January 2021, to advise that the notice of appeal was inadvertently omitted from counsel's filing. We find that the Clerk of Courts' failure to promptly notify Attorney Mosser about his errant filing constituted a breakdown of the judicial system. Upon contact, Attorney Mosser provided the Clerk of Courts with a copy of the notice of appeal, which the Clerk of Courts accepted and dated as having been filed on September 23, 2020. Under these circumstances, we discern no basis upon which to disturb the trial court's determination that Attorney Mosser's attempt to file a notice of appeal on September 23, 2020, perfected this appeal.

> to dismiss the petition asserting the underlying claim without a hearing?

Appellant's Brief at 3 (original formatting and extraneous capitalization omitted).

In addressing Appellant's issues, we are mindful of our well-settled standard and scope of review of a PCRA court's dismissal of a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Appellant's first issue asserts a claim for ineffective assistance of trial counsel for failure to investigate and call, at trial, two *alibi* witnesses, namely Appellant's brother and Appellant's uncle. Appellant's Brief at 11-23. Appellant contends that trial counsel's ineffectiveness violated his Sixth

Amendment right to effective assistance of counsel[3] and his Fourteenth Amendment right to due process.[4] *Id.* at 13.

> There are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); [*see also*] Pa.R.Crim.P. 902(A)(15). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial.

*Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014).

_____

[3] The Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution entitle a criminal defendant to the representation of counsel. [*See*] U.S. Const. amend. VI; [*see also*] Pa. Const. art. I, § 9. Both [our Supreme Court and the Supreme Court of the United States] have interpreted the right to counsel as encompassing the right to the effective assistance of counsel.

*Commonwealth v. Diaz*, 226 A.3d 995, 1007 (Pa. 2020) (case citations omitted).

[4] "Article I, Section 9 of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution guarantee a defendant the right to due process of law" in order to protect the defendant's life, liberty, and property against arbitrary action of government. *Commonwealth v. Turner*, 80 A.3d 754, 763 (Pa. 2013).

Preliminarily, we examine whether Appellant waived his claim of ineffective assistance of trial counsel for failure to investigate and call his brother and his uncle as *alibi* witnesses. Our Supreme Court has long-held that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal." ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004). Our Supreme Court explained that "permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA." ***Id.*** (brackets and citation omitted). The ***Santiago*** Court instructed that "[t]he proper vehicle for raising this claim is[,] thus[,] not the instant appeal[] but[,] rather[,] is a subsequent PCRA petition." ***Id.***

Here, a review of Appellant's amended PCRA petition demonstrates that Appellant, within that filing, raised a claim asserting that trial counsel was ineffective in failing to investigate and call his brother's paramour as an *alibi* witness. ***See*** Appellant's Amended PCRA Petition, 5/24/19, at ¶¶24-32 (setting forth that the paramour existed and was available at the time of trial, that trial counsel knew of the paramour's existence, that the paramour was willing to testify on Appellant's behalf, and the absence of the paramour's testimony, which would have provided Appellant an *alibi* for the time of the incident, was prejudicial). Although Appellant stated in his amended PCRA petition that he provided the names of his brother and his uncle to trial counsel as potential *alibi* witnesses, ***see id.*** at ¶¶20-23, Appellant did not specifically aver that trial counsel's failure to call these two individuals as witnesses at

trial constituted ineffective assistance, *see id.* at ¶¶24-32. In other words, Appellant's amended PCRA petition did not plead the necessary substantive elements giving rise to an ineffectiveness claim for failure to call his brother or uncle as potential witnesses. *See Reid*, 99 A.3d at 438. Specifically, Appellant did not assert that either his brother or his uncle was available at the time of trial, that either individual was willing to testify on Appellant's behalf, or that the absence of either individual's testimony was prejudicial. Rather, Appellant asserted that,

> There was no physical evidence connecting [Appellant] to the scene. There was conflicting evidence as to whether [Appellant] was the individual his co-conspirators identified in the surveillance video, as that individual was physically dissimilar to [Appellant] at the time. **Had [the paramour] testified at trial**, the results would have been different as the jury was free to disregard [Appellant's] alleged [co-conspirators'] statements and testimony.

Appellant's Amended PCRA Petition, 5/24/19, at ¶31 (emphasis added).

Because the amended PCRA petition failed to assert a viable claim for ineffective assistance based upon trial counsel's failure to call Appellant's brother and uncle as potential *alibi* witnesses,[5] Appellant cannot assert

---

[5] Moreover, the amended PCRA petition did not include a certification signed by Appellant's brother or his uncle, or a certification signed by, *inter alia*, Attorney Mosser, setting forth the witnesses' names, addresses, dates of birth, and the substance of their proposed testimony. *See* 42 Pa.C.S.A. § 9545(d)(1)(i) and (ii) (stating that, "[w]here a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness[, or signed by petitioner, if *pro se*, or counsel,] stating the witness's name, address, date of birth and substance of testimony and shall

this claim for the first time on appeal. *Santiago*, 855 A.2d at 691.

Consequently, Appellant waived this ineffectiveness claim, and we may not

review it on appeal.[6]

Appellant's second issue raises a claim for ineffectiveness of PCRA

counsel, Attorney Mosser, for failure to attach to the amended PCRA petition

declarations from Appellant's brother and his uncle that satisfied the

requirements of Section 9545(d)(1)(i). Appellant's Brief at 23-27. Implicit in

Appellant ineffectiveness claim is the allegation that Attorney Mosser was

ineffective also for failing to plead in the amended PCRA petition the

_____

include any documents material to that witness's testimony"). Therefore, any testimony by these individuals would have been inadmissible at an evidentiary hearing on Appellant's PCRA petition. *Id.* at § 9545(d)(1)(iii) (stating, "[f]ailure to substantially comply with the requirements of [Section 9545(d)(1)(i) or (ii)] shall render the proposed witness's testimony inadmissible").

[6] To the extent that Appellant challenges the PCRA court's dismissal of his ineffectiveness claim based upon trial counsel's failure to investigate and call his brother's paramour as an *alibi* witness at trial, we concur with the PCRA court that his ineffectiveness claim is without merit. *See* PCRA Court Opinion, 12/15/20, at 8. The record demonstrates that prior to the evidentiary hearing, Attorney Hockensmith notified the PCRA court that the paramour would not testify at the hearing. N.T., 8/28/20, at 5-6. As such, Appellant was unable to establish the necessary substantive elements to support his ineffectiveness claim, as set forth *supra*, and the PCRA court properly dismissed the petition. *See Commonwealth v. Brown*, 767 A.2d 576, 584 (Pa. Super. 2001) (stating that, a petition is required to offer objective proof or positive evidence that satisfies the elements necessary to establish an ineffectiveness claim for failure to call a potential witness). Moreover, a PCRA court is "not required to conduct an evidentiary hearing where there [are] no witnesses presented to the [PCRA court] who could give admissible testimony at such a hearing." *Id.* at 583.

substantive elements needed to support a claim that trial counsel was ineffective for not investigating and calling Appellant's brother and his uncle as *alibi* witnesses at trial.

Recently, our Supreme Court, in **Commonwealth v. Shaw**, 247 A.3d 1008 (Pa. 2021), held that the current state of the law[7] dictates that, "claims of ineffective assistance of original-jurisdiction [PCRA] counsel cannot be raised for the first time on appeal." **Shaw**, 247 A.3d at 1016 (citation omitted). Therefore, Appellant cannot raise a claim challenging the performance of original-jurisdiction PCRA counsel, *to wit* Attorney Mosser, for the first time on appeal. Consequently, we cannot consider the merits of Appellant's ineffectiveness claim as it pertains to Attorney Mosser.[8]

Order affirmed.

_____

[7] The **Shaw** Court granted *allocator* to examine whether "the Supreme Court procedural rules committee [should] consider amending the rules concerning post-PCRA motion practice for first-time petitioners to provide them with a better opportunity to raise claims concerning PCRA counsel's ineffective assistance." **Shaw**, 247 A.3d at 1016 n.7, *citing* **Commonwealth v. Bradley**, 237 A.3d 1068 (Pa. Super. 2020) (unpublished memorandum), *appeal granted*, 241 A.3d 1091 (Pa. 2020).

[8] We are cognizant that in order to preserve his claim of ineffective assistance of original-jurisdiction PCRA counsel, Attorney Mosser, under the current state of the law, Appellant would need to raise this issue in a subsequent PCRA petition, as filing a request for leave to amend a pending petition or filing a response to a Rule 907 notice, two additional methods for raising this issue before the PCRA court, were no longer viable options for Appellant given the procedural posture of the instant case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>*10/20/2021*</u>