Mustafa Ali, :
                      Appellant :
 :
           v. :
 :
Unknown CERT Team Members and :
Pennsylvania Department of : No. 592 C.D. 2024
Corrections : Submitted: March 4, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MATTHEW S. WOLF, Judge


OPINION BY
JUDGE COVEY                                 FILED: March 27, 2025


        Mustafa Ali (Ali), pro se, appeals from the Schuylkill County Common Pleas Court's (trial court) April 29, 2024 order sustaining the Pennsylvania Department of Corrections' (Department) preliminary objections (POs) and dismissing his amended complaint (Amended Complaint) against the Department and unknown members of the Department's Crisis and Emergency Response Team (CERT) (collectively, Defendants). The sole issue before this Court is whether Ali waived all issues in this appeal by failing to timely file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). After review, this Court remands this matter to the trial court.

        Ali is currently an inmate at the State Correctional Institution at Mahanoy.[1] On or about September 28, 2023, Ali filed a complaint in the trial court against unknown CERT members, alleging their liability for damages to his personal

---

[1] https://inmatelocator.cor.pa.gov/#/Result (last visited Mar. 26, 2025).

property attributable to their alleged negligent acts. On February 21, 2024, Ali filed the Amended Complaint to add the Department as a defendant. On March 18, 2024, the Department filed POs to the Amended Complaint. On April 1, 2024, Ali filed a Motion to Compel the Department to disclose the CERT members' names (Motion to Compel) as well as a Motion for Extension of Time to Respond to the Department's POs (Motion for Extension). On April 15, 2024, the Department filed a Motion to Stay Discovery. On April 29, 2024, the trial court sustained the Department's POs, denied Ali's Motion to Compel and Motion for Extension, dismissed the Amended Complaint and denied the Department's Motion to Stay Discovery as moot. Ali appealed to this Court.

On May 28, 2024, the trial court issued an order directing Ali to file a Rule 1925(b) Statement within 21 days (May 28 Order). On June 21, 2024, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion), requesting that this Court quash Ali's appeal because Ali did not timely file his Rule 1925(b) Statement and, as a result, Ali had waived all issues. On June 28, 2024, Ali sent a letter to this Court's Prothonotary, copied the trial court administrator and the trial court judge, and explained that he did not timely file his Rule 1925(b) Statement because he did not receive the trial court's May 28 Order. Ali also enclosed his inmate correspondence history and the Department's *Unacceptable Correspondence Forms* he purportedly received, which reflect that the Department had returned correspondence it received on June 3, 13, and 28, 2024, addressed to Ali from the trial court because the trial court's correspondence had invalid or missing control numbers (June 28 Letter).[2] By July 15, 2024 Order, this Court directed the parties to address in their principal briefs whether Ali waived all issues on appeal.

---

[2] Exhibit A attached to Ali's brief is a February 24, 2021 letter from the Department addressed to Judges and members of the Administrative Office of Pennsylvania Courts stating that the Department is implementing a mail screening system that requires courts to utilize control numbers when sending mail to inmates. *See* Ali Br. Ex. A.

Ali contends that he did not waive his issues on appeal because the Department rejected the trial court's May 28 Order due to the trial court's failure to properly include a control number. As a result of said rejection, Ali did not receive the trial court's May 28 Order until June 26, 2024, and he mailed his Rule 1925(b) Statement upon receiving the May 28 Order. The Department rejoins that Ali waived all issues on appeal because he did not request an extension to file his Rule 1925(b) Statement with the trial court *nunc pro tunc* before he filed it, and he did not petition this Court to remand the matter to the trial court for a hearing on the matter.

Rule 1925(b) states, in pertinent part:

> **Direction to File Statement of Errors Complained of on Appeal**; **Instructions to the Appellant and the Trial Court**. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> . . . .
>
> (2) *Time for filing and service.*
>
> (i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

Pa.R.A.P. 1925(b)(2) (underline emphasis added).

Here, Ali noted on his Rule 1925(b) Statement, which the trial court docketed on July 1, 2024, that he had only received the trial court's May 28 Order on June 26, 2024. Thereafter, Ali sent the June 28 Letter explaining why he did not timely file his Rule 1925(b) Statement and enclosing evidence supporting his claim. This Court acknowledges that

> [a]lthough the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

*Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023) (quoting *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014)). Nonetheless, **Pennsylvania Courts have construed appellants' explanations of late filings as requests for *nunc pro tunc* relief**.[3] *See Commonwealth v. Alaouie*, 837 A.2d 1190, 1193 (Pa. Super. 2003) ("conclud[ing] that the trial court erred in dismissing [the appellant's] appeal without entertaining his explanation for the untimely notices [and] . . . view[ing the appellant's] offer of an explanation at trial

---

[3] The law is well established:

> *Nunc pro tunc* relief may be granted only (1) in circumstances in which a party failed to make a timely filing as a result of a fraud or **a breakdown in the court's operations**, or (2) where a party, a party's counsel, or an agent of the party has **failed to comply with a filing deadline due to non-negligent circumstances**. Generally, *nunc pro tunc* relief may be afforded only where "extraordinary" circumstances exist to warrant it, and the burden of establishing the existence of such circumstances is on the party seeking *nunc pro tunc* relief. *Harris v. Unemployment Comp*[.] *B*[*d.*] *of Rev*[.], 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021)[.]

*Triple Crown Corp. v. Lower Allen Twp.*, 327 A.3d 748, 754 (Pa. Cmwlth. 2024) (citations omitted; emphasis added).

essentially as a request for *nunc pro tunc* relief");[4] *see also Jaramillo v. Schuylkill Cnty. Tax Claim Bureau* (Pa. Cmwlth. No. 1007 C.D. 2023, filed Jan. 22, 2025), slip op. at 4 (the appellant has not "provided any reasoning for, or alleged any errors leading to, its failure to file a Rule 1925(b) Statement which this Court could fairly construe as an attempted excuse or a request for *nunc pro tunc* relief");[5] *Super v. Pruden* (Pa. Super. No. 2256 EDA 2020, filed Nov. 5, 2021), slip op. at 11 (construing the appellant's "letter as [a]ppellant's Rule 1925(b) . . . [S]tatement and a simultaneous request for *nunc pro tunc* relief.  [The a]ppellant's [l]etter . . . offered further factual averments that [the a]ppellant's delay was neither intentional nor negligent").[6]  Accordingly, this Court construes Ali's June 28 Letter as a request for *nunc pro tunc* relief .

Rule 1925(b)(2)(i) specifies that "[i]n extraordinary circumstances,[7] the judge may allow for the filing of a [Rule 1925(b)] Statement . . . *nunc pro tunc*." Pa.R.A.P. 1925(b)(2)(i).  Rule 1925(c)(1) provides that "[a]n appellate court may

---

[4] "[Pennsylvania] Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[5] This Court's unreported memorandum opinions filed after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).  The unreported cases cited herein are cited for their persuasive value.

[6] The Pennsylvania Superior Court's non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value.  *See* Section 65.37(B) of the Superior Court's Internal Operating Procedures, 210 Pa. Code § 65.37B.  *Super* is cited for its persuasive value.

[7] The Note to Rule 1925 describes:

> In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances.  Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay.  However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time.

Pa.R.A.P. 1925 (Note) (citations omitted).

5

remand in either a civil or criminal case for a determination as to whether a [Rule 1925(b)] Statement had been filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1). Rule 1925(c)(2) provides, in relevant part: "Upon application of the appellant and **for good cause shown**, an appellate court may remand in a civil case for the filing or service *nunc pro tunc* of a [Rule 1925(b)] Statement[.]"[8] Pa.R.A.P. 1925(c)(2) (emphasis added); *see also Greco v. City of Wilkes-Barre* (Pa. Cmwlth. No. 1425 C.D. 2019, filed May 18, 2020) (wherein, pursuant to Rule 1925(c), this Court remanded the appellant's application for leave to file a Rule 1925(b) Statement *nunc pro tunc* to the trial court for filing and disposition).

If Ali can prove that he did not timely receive the trial court's May 28 Order directing him to submit a Rule 1925(b) Statement because the trial court did not properly address the envelope containing the May 28 Order, by either failing to include a control number or failing to include the correct control number, and these circumstances caused Ali's late filing, such would represent a breakdown in the operations of the court and constitute extraordinary circumstances justifying *nunc pro tunc* relief. Accordingly, this Court concludes that Ali has presented the requisite good cause for this Court to remand this matter to the trial court pursuant to Rule 1925(c).

For all of the above reasons, this matter is remanded to the trial court to determine whether Ali's Rule 1925(b) Statement should be accepted *nunc pro tunc*. If such relief is found to be warranted, the trial court is directed to prepare a supplemental Rule 1925(a) Opinion addressing the issues raised in Ali's Rule 1925(b) Statement.

_____
ANNE E. COVEY, Judge

_____

[8] Prison conditions litigation and related appeals are civil in nature. *See* 42 Pa.C.S. § 6601.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mustafa Ali,
                Appellant

        v.

Unknown CERT Team Members and
Pennsylvania Department of
Corrections

:
:
:
:
:
:
:     No. 592 C.D. 2024
:
:

## O R D E R

AND NOW, this 27th day of March, 2025, this matter is hereby REMANDED to the Schuylkill County Common Pleas Court for the disposition of Mustafa Ali's March 28, 2024 *Nunc Pro Tunc* Request (Request).

The trial court shall dispose of the Request and, if necessary, conduct an evidentiary hearing within 60 days of the date of this Order. The trial court shall transmit a supplemental record to this Court within 90 days, including its order disposing of the Request and its supplemental opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), if filed.

Jurisdiction is retained.

_____
ANNE E. COVEY, Judge