Joseph NAGY

v.

**BEST HOME SERVICES,
INC., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 26, 2003.
Filed July 22, 2003.

Harvey E. Little, Blue Bell, for appellant.

John P. Rodgers, Wilkes–Barre, for appellee.

Before: FORD ELLIOTT, KLEIN, and MONTEMURO,* JJ.

FORD ELLIOTT, J.

¶ 1 In this appeal, we are asked to decide whether the trial court erred when it denied the petition for leave to file an appeal *nunc pro tunc* filed by Best Home Services, Inc. ("cleaner") and entered judgment in favor of appellee Joseph Nagy ("customer") in the amount of $3,424.50. For the reasons that follow, we reverse the order entering judgment. The factual and procedural history of the case follows.

¶ 2 On March 25, 2002, customer filed a complaint before District Justice Edward M. Lewis, claiming cleaner damaged a carpet customer consigned to cleaner for cleaning and shipping. On April 30, 2002, following a hearing, District Justice Lewis entered judgment in favor of customer in the amount of $3,424.50. Pursuant to Rule 1002.A of the Pennsylvania Rules of Civil Procedure for District Justices, cleaner

* Retired Justice assigned to Superior Court.

had 30 days from the entry of judgment, or until May 30, 2002, to file an appeal to the Court of Common Pleas. Pa.R.Civ. P.D.J. 1002.A., 42 Pa.C.S.A. That Rule provides in pertinent part:

**Rule 1002. Time and Method of Appeal.**

A. A party aggrieved by a judgment for money ... may appeal therefrom within thirty (30) days after the date of the entry of the judgment by filing with the prothonotary of a court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator together with a copy of the Notice of Judgment issued by the district justice. The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than thirty (30) days after the date of entry of the judgment without leave of court and upon good cause shown.

*Id.*

¶ 3 According to cleaner's counsel, he mailed the notice of appeal on May 24, 2002, a Friday. The following Tuesday, May 28, 2002, the Prothonotary received the notice of appeal but did not time-stamp it or enter it on the docket. Instead, the Prothonotary returned the notice of appeal by mail because neither cleaner nor its counsel had signed it, and because it did not include a copy of the District Justice's judgment.[1] Cleaner's counsel claimed he did not receive the returned notice of appeal until Thursday, May 30, 2002, at which point he signed it and returned it to the Prothonotary by mail. On May 31, 2002, he faxed a copy of the District Justice's judgment to the Prothonotary. On Monday, June 2, 2002, the Prothonotary telephoned cleaner's counsel to tell him that the appeal was untimely. On June 6,

2002, counsel for cleaner filed a petition with the court for leave to file an appeal *nunc pro tunc.*

¶ 4 Following a hearing, the trial court denied cleaner's petition and entered judgment in favor of customer. This timely appeal followed, in which cleaner raises five issues. Because we find trial court error with regard to cleaner's first issue, we need only touch on the other issues tangentially insofar as they relate to that issue. The first issue questions whether the trial court abused its discretion in refusing to grant cleaner's petition to file an appeal *nunc pro tunc.* (Appellant's brief at 4.)

¶ 5 "Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge." *McKeown v. Bailey,* 731 A.2d 628, 630 (Pa.Super.1999) (citations omitted). In the usual case, where a party requests permission to file an appeal *nunc pro tunc,* it is because counsel for the appealing party has not timely filed an appeal. That party must therefore show more than mere hardship. Rather, a trial court may grant such an appeal only if the delay in filing is caused by "extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" *Id.,* quoting *Cook v. Unemployment Compensation Board of Review,* 543 Pa. 381, 383–384, 671 A.2d 1130, 1131 (1996) (other citation omitted).

¶ 6 In *McKeown,* as in this case, the Baileys, who were the appellants, timely filed their notice of appeal from the District Justice's judgment within the 30–day appeal period; however, they failed to attach a copy of the Notice of Judgment. The Prothonotary's office then waited almost two weeks, until three days before the appeal period expired, before telephon-

1. Monday, May 27, 2002 was a legal holiday.

ing Baileys' counsel to inform him the Notice of Judgment had not been received, at which point counsel promptly sent the Notice by U.S. Mail. *McKeown,* 731 A.2d at 629. Three days past the 30–day appeal period, Baileys' counsel telephoned the Prothonotary and learned that the notice of appeal had been neither time-stamped nor docketed because the Prothonotary did not receive the Notice of Judgment during the 30–day window. *Id.* The Baileys then requested the court either to declare the appeal timely or to permit them to file an appeal *nunc pro tunc.* When the trial court denied either form of relief, the Baileys appealed. On appeal, a *per curiam* panel of this court addressed the issue as one denying a petition for permission to appeal *nunc pro tunc* and reversed the trial court, finding the delay excusable due to a breakdown in the court's operations. *Id.* at 631.

¶ 7 In this case, like *McKeown,* we find the delay in filing the appeal excusable because of a breakdown in the court's operations, specifically, the Prothonotary's failure to time-stamp and docket the timely-filed, albeit flawed, notice of appeal. We base our conclusion in part on this court's recent analysis of the meaning of timely filing in *Griffin v. Central Sprinkler Corp.,* 823 A.2d 191 (Pa.Super.2003). The issue in *Griffin* was whether the trial court properly entered summary judgment in favor of the Griffins based on the Prothonotary's time-stamping Central Sprinkler's praecipe for writ of summons at 8:31 a.m. on the day following expiration of the statute of limitations. According to the *Griffin* court, "the term 'filing' is not the equivalent · of either the prothonotary's time-stamping of a document or the recording of receipt on the docket." *Id.* at 196. Rather, relying upon Rule 205.1 of the Rules of Civil Procedure, the *Griffin* court concluded that "documents mailed to the prothonotary or other office are deemed filed when '*received* by the appropriate

officer.'" *Griffin* at 197, quoting Pa. R.Civ.P. 205.1, 42 Pa.C.S.A. (emphasis in *Griffin* ).

¶ 8 The *Griffin* court based its analysis in part on our supreme court's decision in *Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156 (2001). In *Criss,* the party appealing from an arbitration award mailed a notice of appeal at 5:10 p.m. on December 22, 1998; however, the Prothonotary had not yet received the notice by December 28, 1998, the date on which the time for filing the appeal expired. *Id.* at 440, 781 A.2d at 1158. As a result, the Prothonotary, on praecipe of the prevailing party, entered judgment in its favor on December 29, 1998. The Prothonotary received the notice of appeal the following day, December 30th. *Id.*

¶ 9 The appealing party therefore filed a petition to appeal *nunc pro tunc,* claiming she acted reasonably in mailing the notice of appeal six days prior to expiration of the appeal period to an office merely 30 miles distant. As a result, the *Criss* court addressed the issue whether a party's failure to anticipate a delay in the U.S. mail due to the holiday season constituted such an extraordinary circumstance as to allow the trial court to grant an appeal *nunc pro tunc. Id.* at 439, 781 A.2d at 1157. In deciding that issue, the *Criss* court observed:

In order to perfect an appeal, parties must strictly adhere to the statutory provisions for filing an appeal.... Unlike the Rules of Appellate Procedure, which in certain instances specify that filings can be deemed filed on the date they are deposited in the U.S. Mail, the Pennsylvania Rules of Civil Procedure do not so provide. In fact, Rule of Civil Procedure 205.1 specifically provides that "[a] paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa.R.C.P. 205.1.

Moreover, appellate courts do not have the authority to enlarge the time for filing a notice of appeal. Pa.R.A.P. 105. Therefore, as Rule 1308 [governing appeals from arbitration awards] now stands, for an appeal from an arbitration award to be deemed timely filed, the prothonotary of the court where the action is pending *must receive* a notice of appeal within thirty days from the date the prothonotary notes on the docket that the arbitration award has been entered and the parties have been notified of the award.

*Id.* at 441–442, 781 A.2d at 1159 (citations omitted) (emphasis in *Criss* ).

¶ 10 Based on the *Criss* court's emphasis on the words "must receive," the *Griffin* court next analyzed the meaning of "receipt" for purposes of Rule 205.1. As the *Griffin* court opined, "employing common understanding to the term 'received,' from a theoretical viewpoint, Pa.R.C[iv].P. 205.1 provides that Appellants' praecipe for summons must be deemed to have been 'filed' the moment that it passed through the doorway of the Montgomery County Prothonotary's Office." *Griffin,* 823 A.2d at 198. Continuing, the *Griffin* court observed, "as our analysis above hopefully makes clear, under the rules of civil procedure a document is filed when it arrives at the prothonotary's office, regardless of the date the document is time-stamped." *Id.* at 202.

¶ 11 We are therefore left to answer the next question; what must arrive at the Prothonotary's office? In this case as in *McKeown,* the Prothonotary returned the notice of appeal by mail without time-stamping or entering it on the docket, even though it arrived at the Prothonotary's office within the 30–day appeal period. The trial court distinguished this case from *McKeown* based upon cleaner's failure to include "all of the information required by the State Court Administrator's form, spe-

cifically the signature of [cleaner] or its counsel." (Trial court opinion, 9/24/02 at 9.) The trial court relied in part on *Warner v. Cortese,* 5 Pa.Cmwlth. 51, 288 A.2d 550 (1972), and the section of the Prothonotary's Procedures Manual on which the *McKeown* court, *supra,* relied in deciding that case. (*Id.* at 7–9.)

¶ 12 Based on the *Griffin* court's analysis as well as the specific language of Rule 1002.A, set forth *supra,* however, we find a breakdown in the court's operation. As we have already noted, the Rules of Civil Procedure provide that "[a] paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa. R.Civ.P. 205.1, 42 Pa.C.S.A. As the *Griffin* court observed, our supreme court in *Criss, supra,* emphasized the words "must receive" when interpreting Pa.R.Civ.P. 1308, applicable to notices of appeal filed with the Prothonotary. *Griffin,* 823 at 198, quoting *Criss, supra* at 442, 781 A.2d at 1159. As a result, we find that cleaner's notice of appeal was filed when it was received by the Prothonotary on May 28, 2002, within the 30–day appeal period, and was therefore timely.

¶ 13 We do not disagree with our sister court's analysis, adopted by this court in *McKeown,* that:

A prothonotary may have the power, and even the duty, to inspect documents tendered for filing and to reject them if they are not on their face in the proper form specifically required by the Rules, but this power is limited. *He is not in the position of an administrative officer who has discretion to interpret or implement rules and statutes. . . .* The prothonotary must accept papers and file them. He must also collect fees fixed by the legislature. He has no discretion in this matter nor does he act in a judicial capacity.

*Warner,* 288 A.2d at 552 (citations and quotations omitted) (emphasis added). We do not agree, however, that the power to reject is to be interpreted as broadly as the trial court implies.

¶ 14 Rule 1002.A delineates the parameters of the Prothonotary's power not to accept appeals to those that are "presented for filing more than thirty (30) days after the date of judgment ...." Pa. R.C.P.D.J. 1002.A. Thus, while the Prothonotary must inspect documents that are sent for filing to ensure they are in the proper form, the power to reject such documents is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum. To hold otherwise would be to confer on the Prothonotary the power to "implement" the Rules governing the form of an appeal and to determine, based upon criteria other than the date they are received, which appeals are timely. Such a power is inconsistent with our supreme court's pronouncement that a document is filed when the Prothonotary receives it. *Criss, supra* at 442, 781 A.2d at 1159. Once filed, a notice of appeal is, as with an appeal filed in this court, subject to being stricken or dismissed for failing to cure defects on its face.

¶ 15 Order denying cleaner's petition to appeal *nunc pro tunc* and entering judgment in favor of customer is reversed. Cleaner's petition is granted. Case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.