J-S60004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMUNITY BANK, N.A.         :    IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
          v.                   :
                                   :
                                   :
CARL EDWARD JOHNSTON, JR.   :
                                   :
           Appellant       :    No. 460 MDA 2019

Appeal from the Judgment Entered September 17, 2018
In the Court of Common Pleas of Bradford County Civil Division at No(s):
2016-CV-0187

BEFORE:   SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:         **FILED: FEBRUARY 4, 2020**

Appellant, Carl Edward Johnston, Jr., appeals *pro se* from the judgment entered against him on September 17, 2018, in the Court of Common Pleas of Bradford County.  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> Plaintiff [Community Bank, N.A.] filed its Complaint, which attached various documents, on August 29, 2016.  Plaintiff's claim arises out of [Appellant's] failure to satisfy a car loan pursuant to the terms of a note and security agreement.  *See* Complaint.
>
> Subsequent to filing, Plaintiff made several attempts to serve a copy of the Complaint upon [Appellant], all of which were unsuccessful.  *See* Sheriff's Return of Service filed September 12, 2016 and August 7, 2017.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In response to the failed attempts at service, Plaintiff filed Praecipes to Reinstate Complaint on July 5, 2017 and March 26, 2018. The Complaint was duly reinstated in each instance.

A copy of the reinstated Complaint was eventually served upon [Appellant] at the Bradford County Correctional Facility on March 29, 2018 by handing him a copy of the document. *See* Sheriff's Return of Service filed April 9, 2018.

[Appellant] responded to the reinstated Complaint by hand-written letter, filed on April 4, 2018, in which he did not address any of the factual averments set out in the reinstated Complaint, but offered generalized statements as to his financial situation, his desire to acquire the services of a public defender, his current address and, most particularly, his intention to contest the civil action against him. *See* Motion for Summary Judgment at Exhibit B.

Plaintiff asserts in the Motion for Summary Judgment underlying the instant matter that Requests for Admissions and Production of Documents, in accordance with Pa. R.C.P. Nos. 4001 and 4014, were served upon [Appellant] "on or around" April 30, 2018. A Certificate of Service memorializing the service is of record. *Id.* at paragraph 5, and Exhibit C.

On June 4, 2018, approximately 35 days after the claimed service of the Requests for Admissions and Production of Documents, [Appellant] responded to the discovery request by means of a hand-written letter purported by [Appellant] to be "a timely submission to the plaintiff's request pursuant to Pa. R. Civ. [sic] P. 4014 and 4001 et seq." *Id.* at Exhibit D.

In [Appellant's] responsive letter, he declares his inability to furnish discovery due to his current status as a prisoner at the Bradford County Correctional Facility in Troy, Pennsylvania. Additionally, the letter sets out [Appellant's] request for, *inter alia*, "the Plaintiff's cooperation in obtaining a stay of all proceedings" on the grounds that he has "every intent to honor any obligation I have" after his criminal matters are concluded. *Id.* at Exhibit D., paragraphs 1., 4., 5., and 7.

[Appellant's] responsive letter does not specifically address any of the demands for admissions or discovery placed upon him

by Plaintiff in the Requests for Admissions and the Production of Documents.

Plaintiff filed its Motion for Summary Judgment with Notice to Plead, and a Brief in Support of the Motion, on July 16, 2018; there is nothing of record indicating that [Appellant] filed a written response to the Motion for Summary Judgment within 30 days as required by Pa. R.C.P. No. 1035.3.

The record of the case includes Certificates of Service, dated July 12, 2019, showing that Plaintiff served [Appellant] with copies of the Motion for Summary Judgment and the Brief in Support of the Motion, together with a Motion for Argument, at the Bradford County Correctional Facility, Troy, Pennsylvania, by first class mail.

On July 19, 2018, the [c]ourt scheduled argument upon Plaintiff's Motion for Summary Judgment for September 14, 2018, at 10:00 a.m.

In its scheduling Order, the [c]ourt directed [Appellant] to file a brief in support of his position at least five days prior to argument; however, there is no evidence of record showing that [Appellant] complied with this directive.

On August 16, 2018, Plaintiff filed an Affidavit of Service indicating that Plaintiff served upon [Appellant] a copy of the Order scheduling argument for September 14, 2018, and, again, copies of (i) Plaintiff's Motion for Argument, (ii) Plaintiff's Motion for Summary Judgment, and (iii) Plaintiff's Brief in Support of the Motion for Summary Judgment.

Plaintiff's Motion for Summary Judgment was granted on September 14, 2018, and a judgment was filed against [Appellant] in the amount of $13,427.00 plus interest, if any, and costs.[1]

Trial Court Opinion, 5/2/19, at 1-3.

---

[1] The order entering judgment was filed on September 17, 2018.

Appellant filed a notice of appeal that was docketed on November 30, 2018. The trial court and Appellant complied with Pa.R.A.P. 1925(a). On appeal, Appellant presents the following issue for our review: "Does [Appellant] have a valid claim for failing to respond to the Notice of a Motion for Summary Judgment with Notice to Plead, and a Motion for Argument[?]" Appellant's Brief at 4.

We first determine whether we have jurisdiction to entertain this appeal. Judgment in the instant matter was entered on September 17, 2018. Appellant's notice of appeal was dated November 26, 2018, and entered on the docket on November 30, 2018. Accordingly, the appeal is facially untimely. **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, on May 6, 2019, this Court issued a rule to show cause directing Appellant to show cause "why this appeal should not be quashed as having been filed untimely on November 30, 2018, greater than 30 days after entry and notice of the summary judgment order." Order, 5/6/19, at 1.

Appellant filed a response that was docketed on May 13, 2019. In it, Appellant asserted that "he has been in a State Correction Institute since July 5, 2018." Response to Rule to Show Cause, 5/13/19, at 1. He further averred that "his legal mailing address has been SCI Benner Township, 301 Institution Drive, Bellefonte Pa 16823 since August of 2018." **Id**. Appellant maintained

- 4 -

that he "did not receive any legal papers from Bradford County Courts via legal mail, Bradford County Courts are well aware of the proper procedure to send legal mail to an inmate at a SCI Benner Institution." *Id.* He further asserted that after receiving the "legal papers" in November of 2018, he did meet the thirty-day time-frame to file his appeal. *Id.*

It appears from the record that Appellant has been incarcerated during the entirety of this legal proceeding, although we are unable to determine when his physical location changed. As noted, in his response to the rule to show cause, Appellant asserted that his legal mailing address has been SCI Benner Township, 301 Institution Drive, Bellefonte, PA 16823, since August, of 2018. The order entering judgment indicated that notice should be mailed to Appellant at "Bradford County Correction Facility; 15927 Route 6; Troy, Pennsylvania 16947." Order, 9/17/18, at 1. The docket entry for that order, however, indicated that the order was sent to "[Appellant,] 107 North Elmira St.; Athens, PA 18810." The record also includes an envelope addressed to Appellant at the Bradford County Correction Facility bearing a post mark of September 17, 2018, which was marked "return to sender." The envelope included the September 17, 2018 order. Although Appellant asserted that he subsequently received these "legal papers in November 2018," he did not explain how he received these documents at that time. Response to Rule to Show Cause, 5/13/19, at 1. The record reflects that Appellant's notice of appeal was dated November 26, 2018, and the accompanying envelope bears

a date stamp of November 27, 2018.[2]  Appellant's notice of appeal was docketed on November 30, 2019.

Accordingly, it appears that Appellant did not receive timely notice of the September 17, 2018 entry of judgment due to a breakdown in the court's operations.  This Court has found the delay in filing an appeal excusable because of a breakdown in the court's operations.  ***Nagy v. Best Home Services, Inc.***, 829 A.2d 1166, 1168 (Pa. Super. 2003).  Thus, it is possible that Appellant's notice of appeal could be deemed timely filed if we were able to determine with certainty, which we are unable to do, when Appellant received notice of this judgment.  However, even if Appellant's notice of appeal was deemed timely filed, he would be entitled to no relief on his claim.

By order entered January 9, 2019, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement.  Appellant filed his Pa.R.A.P. 1925(b) statement on March 18, 2019.  In his statement, Appellant made the following five assertions, which we restate here verbatim:

> 1.  The Defendant avers/believes that by law he has never been legally served a notice or has signed an acknowledgement that there was a judgment made against him from Community Bank, N.A 45-49 Court Street Canton, New York 13617.
>
> 2.  Defendant avers that he believes there is insurance to cover the legal action brought against him by Community Bank, N.A 45-49 Court Street Canton, New York 13617.

---

[2] We note that in ***Thomas v. Elash***, 781 A.2d 170, 176 (Pa. Super. 2001), this Court held that the prisoner mailbox rule applies to all *pro se* filings by incarcerated litigants, including civil matters.

3. Defendant avers he has made several attempts to contact Mr. Sheils the attorney for Plaintiff concerning this matter and the courts. The Courts and the Law Office of Sheils Associates; P.C 108 North Abington Road, Clark Summit, pa 18411 has repeatedly sent mail to 107 N. Elmira St Athens Pa. 18810 not his legal residence.

4. Defendant avers he requests to be notified of any pending proceedings and to be present by phone or via video due to his incarceration at SCI Benner Township, 301 Institution Drive, Bellefonte Pa, 33733 until his release when he may attend in person.

5. Defendant requests a stay of all proceedings until his release from custody so he may retrieve the documents needed that he has in his files that are in storage.

Pa.R.A.P. 1925(b) Statement, 3/18/19, at 1.

Appellant failed to preserve the issue that he has "a valid claim for failing to respond to the Notice of a Motion for Summary Judgment with Notice to Plead, and a Motion for Argument," Appellant's Brief at 4, in his Pa.R.A.P. 1925(b) statement. "Any issues not raised in a 1925(b) statement will be deemed waived." ***U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua***, 193 A.3d 994, 997 (Pa. Super. 2018) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)). Accordingly, because Appellant failed to preserve the issue in his Pa.R.A.P. 1925(b) statement, his single claim raised on appeal is waived.[3]

---

[3] We note that Appellant has proceeded *pro se* in this civil matter. As we have explained: "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/04/2020

---

proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Wilkins v. Marsico**, 903 A.2d 1281, 1284-1285 (Pa. Super. 2006). Further, the trial court did not err in declining to appoint counsel for Appellant in this matter. Our Supreme Court has explained that "although *in rem* forfeiture proceedings must comport with due process of law, property interests are generally afforded less due process protections than liberty interests. Consequently, there is no constitutional right to the appointment of counsel in a forfeiture proceeding." **Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 University Drive**, 104 A.3d 411, 426 (Pa. 2014). Moreover, as the Commonwealth Court explained, due process does not require the appointment of counsel to an indigent inmate in a civil action because the interest at stake is financial, which commands a lower level of due process protection than life or liberty interests. **Mason v. Pa. Dep't of Corr.**, 886 A.2d 724 (Pa. Cmwlth. 2005); **cf. Corra v. Coll**, 451 A.2d 480, 486 (Pa. Super. 1982) (wherein this Court determined that the familial, liberty and property interests at stake in a paternity proceeding are significant enough to warrant protection through the appointment of counsel for indigent defendants in paternity actions.)