J-A10002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHERYL VISCOMI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORTHEAST AUTO CENTER | : | No. 2253 EDA 2019 |

Appeal from the Order Entered April 25, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180500995

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 05, 2020**

Cheryl Viscomi appeals *pro se* from the order that denied her petition to open or strike the judgment of *non pros* entered against her after her repeated failure to appear for court.[1]  We affirm.

Ms. Viscomi commenced this civil action against Northeast Auto Center by filing a complaint on May 11, 2018.  Therein, she alleged various claims against Northeast related to repair work for which she contracted in 2016.  Northeast filed an answer and new matter, to which Ms. Viscomi filed

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated April 18, 2019, was docketed on April 22, 2019, and was noted on the docket as having been served in accordance with Pa.R.C.P. 236(b) on April 25, 2019.  Accordingly, the date of the order for purposes of this appeal is April 25, 2019.  **See** Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

preliminary objections that were ultimately overruled. The trial court scheduled case management status conferences in August and September of 2018, for which Ms. Viscomi requested and received continuances. After she failed to appear for a third scheduled conference, the trial court issued a rule to show cause why a judgment of *non pros* should not be entered. When Ms. Viscomi failed to appear for the hearing on the rule, the trial court issued an order entering judgment of *non pros* against her. The judgment was entered on the docket by the notation of service on February 8, 2019.

On February 19, 2019, Ms. Viscomi filed a petition to open or strike the judgment of *non pros*, wherein she sought relief under both Pa.R.C.P. 237.3 and Pa.R.C.P. 3051.[2] Specifically, Ms. Viscomi contended that, because her petition was filed within ten days of the entry of the judgment and her complaint stated a meritorious cause of action, she was entitled to relief under Rule 237.3(b). **See** Petition, 2/19/19, at unnumbered 3. Additionally, the petition alleged that relief under Rule 3051(c)(3) was warranted because the record does not support a finding that she failed to pursue her action with due

---

[2] Ms. Viscomi's petition was not entered onto the docket until March 12, 2019. However, the docket entry specifies that the petition had been submitted by Ms. Viscomi on February 19, 2019, but was "rejected in error by the clerk." Accordingly, the petition is deemed to have been filed on February 19, 2019. **See**, **e.g.**, **Nagy v. Best Home Servs., Inc.**, 829 A.2d 1166, 1170 (Pa.Super. 2003) ("[A] a document is filed when the Prothonotary receives it.").

diligence, that she lacked a compelling reason for the delay, or that Northeastern suffered actual prejudice from the delay. *Id*. at unnumbered 4.

The trial court denied Ms. Viscomi's petition by order of April 25, 2019. Ms. Viscomi filed a notice of appeal on July 3, 2019, contending that she had been unable to file the notice earlier due to a breakdown in court processes in the form of an extensive court computer outage.[3] On September 26, 2019, the trial court entered an order for Ms. Viscomi to file within twenty-one days a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4] Ms. Viscomi did not file her statement until October 24, 2019, which was one week past the deadline.

Our Supreme Court is adamant that an appellant's failure to comply with a properly-entered Rule 1925(b) order results in waiver of her claims. *See*, *e.g.*, *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) ("In order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925." (cleaned up)). Indeed, "even if a trial

---

[3] As neither the trial court nor Northeast disputes the accuracy of Ms. Viscomi's factual contentions concerning the breakdown in court processes, we accept them as true and accept the appeal as timely filed *nunc pro tunc*. *See*, *e.g.*, *Raheem v. Univ. of the Arts*, 872 A.2d 1232, 1234 (Pa.Super. 2005) (noting that *nunc pro tunc* appeal is proper "where there was fraud or a breakdown in the court's operations").

[4] The trial court's order contains all information required by Pa.R.A.P. 1925(b)(3), and the order was properly docketed with notation of Pa.R.C.P. 236 service on September 26, 2019.

court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa.Super. 2014).

Consequently, because Ms. Viscomi's statement was not filed in accordance with the trial court's Rule 1925(b) order, we must deem all of her appellate issues waived.[5]

Order affirmed.

---

[5] The issues Ms. Viscomi raises in her brief are that the trial court erred or abused its discretion in (1) not granting her petition to open or strike the *non pros* judgment under Pa.R.C.P. 237.3; (2) not granting the petition under Pa.R.C.P. 3051, and (3) in denying her request for a continuance. **See** Ms. Viscomi's brief at 5. Were we not constrained to find her issues waived, they nonetheless would not warrant reversal. The trial court did not err or abuse its discretion in denying her petition to open or strike under either rule. **See Kruis v. McKenna**, 790 A.2d 322, 327 (Pa.Super. 2001) (providing that Pa.R.C.P. 237.3 does not apply to the entry of a *non pros* judgment based upon failure to appear at a pretrial conference and rule-returnable hearing, and that to open a judgment of *non pros* based upon such failure, the plaintiff must establish that she had both a reasonable excuse for failing to appear and a meritorious cause of action); Trial Court Opinion, 11/5/19, at unnumbered 3 (indicating that the trial court denied the petition to strike or open because Ms. Viscomi "failed to provide any explanation for her failure to attend three case management conferences and the rule hearing"). Further, because the certified record contains no indication that Ms. Viscomi filed a motion for a continuance, we cannot conclude that the trial court abused its discretion in declining to grant one.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/5/2020*