J-A27020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARCUS A. HENRY, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HOLLIE RHOADS, TIM MORRIS AND | : | No. 317 MDA 2022 |
| DIAKON ADOPTION AND FOSTER | : | |
| CARE | : | |

Appeal from the Order Dated January 25, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
21-13213

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 24, 2023**

Marcus A. Henry, Jr. appeals from the order granting the preliminary objections of Hollie Rhoads, Tim Morris, and Diakon Adoption and Foster Care[1] ("Diakon") (together, "Appellees"), and dismissing his complaint. We remand for a determination as to whether Henry filed a timely statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(c)(1).

Henry filed a *pro se* complaint alleging that Diakon had placed his three biological children in foster care with Rhoads and Morris ("Foster Parents"), who made false statements about him, including that he had physically abused the children and violated a Protection from Abuse order. He alleged that

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellees' brief states that the party's name is "Diakon Child, Family, and Community Ministries."

Diakon was negligent for placing the children with Foster Parents. Appellees filed preliminary objections arguing, among other things, that they are immune under the Child Protective Services Law ("CPSL"), 23 Pa.C.S.A. § 6318(a)(2). The court sustained the preliminary objections and dismissed the complaint, and Henry appealed.

The court entered an order on March 1, 2022, directing Henry to file a Rule 1925(b) concise statement of errors complained of on appeal, within 21 days. **See** Pa.R.A.P. 1925(b).[2] The order advised Henry, "Any issue not included in a timely filed and served Statement of Errors Complained of on Appeal shall be deemed waived." Pa.R.A.P. 1925(b) Order, 3/1/22, at 1.

The court did not receive a Rule 1925(b) statement within 21 days — that is, by March 22, 2022.[3] The trial court accordingly authored an opinion stating that Henry had waived all issues.

Two weeks later, on April 5, 2022, the trial court prothonotary time-stamped and docketed Henry's Rule 1925(b) statement. The docket does not reflect the method of filing, and no mailing envelope is included in the certified record. Henry signed a proof of service stating that he sent the statement to

---

[2] The order is dated February 28, 2022, but a March 1, 2022, docket entry states that the prothonotary provided Rule 236 notice on March 1, 2022. The order was therefore "entered'" on March 1, 2022. **See** Pa.R.A.P. 108(b) (providing order is entered on date clerk notes in docket that notice of order has been given).

[3] **See** Pa.R.C.P. 106(a) ("When any period of time is referred to in any rule, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period"). March 22, 2022, did not fall on a weekend or holiday.

the court via U.S. Mail two days before the deadline, on March 20, 2022. However, attached to the statement is a receipt from the Berks County prothonotary, showing an $8.00 payment by check for a "Complaint eFiling Fee." *See* Pa.R.A.P. 1925(b) Statement, at 6 (unpaginated). The receipt bears the docket number for the instant case and is dated April 5, 2022. *Id.*

Henry thereafter filed in this Court a "Motion to Clarify Delivery of Appellant's Concise Statement of Errors." In it, Henry alleges he called the trial court's prothonotary to see if there was a fee for filing a Rule 1925(b) statement and was directed to look at the trial court's website. He claims there is no filing fee for a concise statement listed on the court's website. He provides the website address for the "Prothonotary of Berks County Fee Bill," and attaches a copy of the prothonotary's Fee Schedule, which makes no reference to a Rule 1925(b) statement.

Henry further alleges that, as he believed that there was no fee required to file a Rule 1925(b) statement, he mailed the statement to the trial court on March 20, 2022, two days before the deadline. He claims that the prothonotary sent it back to him, unfiled, demanding an $8.00 filing fee. He does not allege the date on which the prothonotary received his statement or the date it returned it to him. Henry claims he mailed the statement back to the court with an $8.00 check, on April 2, 2022. He alleges that according to his bank, the prothonotary deposited his check on April 6, 2022. He attaches an image of his check, which shows a deposit date of April 6, 2022.

Henry argues that when a party uses the e-filing system, all amounts are due at the time of filing, even when they are listed online for the public. He asserts that on the other hand, when filing by U.S. mail, "any unlisted charges come as a surprise and at the pace of the mail." Mot. to Clarify, 4/14/22, at ¶ 13. He argues, "In the same way *pro se* status confers no special benefit up on the appellant, it too should hold that *pro se* status confers no special disability nor handicap upon the Appellant." *Id.* at ¶ 14 (internal quotation marks omitted).

This Court denied the motion *per curiam*, without prejudice. Appellees filed a Motion to Dismiss, which we also denied without prejudice. Appellees again argue for dismissal based on Rule 1925(b) waiver in their brief.

If the court orders an appellant to file a statement of errors complained of on appeal, and the appellant fails to timely do so, the appellant waives his issues. ***See*** Pa.R.A.P. 1925(b)(4)(vii). We do not have discretion to entertain issues that were not included in a timely statement. ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa.Super. 2014) (*en banc*).

Rule 1925(b) requires the appellant to file the statement "as provided in Pa.R.A.P. 121(a)." Pa.R.A.P. 1925(b)(1).[4] Rule 121(a), in turn, explains that the filing date is the date of receipt by the prothonotary:

> Papers required or permitted to be filed in an appellate court shall be filed with the prothonotary. Filing may be accomplished by mail

---

[4] Electronic filing may also be permitted. ***See*** Pa.R.A.P. 125.

addressed to the prothonotary, but except as otherwise provided by these rules, filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing. . . .

Pa.R.A.P. 121(a); *see also* Pa.R.C.P. 205.1 ("A paper sent by mail shall not be deemed filed until received by the appropriate officer").

When a Rule 1925(b) statement is filed by mail, filing "shall be complete on mailing," provided that the appellant "obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service Form from which the date of deposit can be verified[.]" Pa.R.A.P. 1925(b)(1). When the appellant obtains such a form, the date of mailing is controlling. *See Bank of N.Y. Mellon for Certificate Holders of CWALT, Inc., Alternative Loan Tr. 2007-HY6 Mortg. Pass-through Certificates Series 2007-HY6 v. Brooks*, 169 A.3d 667, 669 n.1 (Pa.Super. 2017). When the appellant does not obtain the form, the date of filing is the date the prothonotary received the statement. *See Greater Erie Indus. Dev. Corp.*, 88 A.3d at 226 nn.5, 6.

Rule 1925(b) does not mention the payment of a filing fee. Rule of Appellate Procedure 2701, however, provides that "[a] person upon filing any paper shall pay any fee therefore prescribed by law." Pa.R.A.P. 2701(a). The Rules of Civil Procedure also require payment of fees. *See* Pa.R.C.P. 205.1 ("Any legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary, sheriff or other appropriate officer accompanied by the filing fee, if any"). The official note to Rule 2701 explains that while previous appellate rules "required the payment

of the fee in advance of filing," the Rules of Appellate Procedure allow for filing by mail, and therefore "a limited opportunity is afforded to permit the prompt correction of the failure to include a check with the letter of transmittal or the failure to draw the check in the proper amount." Pa.R.A.P. 2701, Note.

If a prothonotary rejects civil pleadings filed within time limits, based on an initial failure to pay a filing fee, it does not affect the timeliness of the filing. **_Mariano v. Rhodes_**, 270 A.3d 521, 530 (Pa.Super. 2022). While a prothonotary may notify the party that a document is defective, permitting the prothonotary to reject potentially nonconforming documents would "confer on the prothonotary the power to implement the Rules" and make judicial timeliness determinations. **_Id._** at 529 (quoting **_Nagy v. Best Home Services, Inc._**, 829 A.2d 1166, 1170 (Pa.Super. 2003)) (internal quotation marks omitted).

Therefore, an appellant's failure to initially comply with a fee requirement will not render a Rule 1925(b) statement untimely. It is the date the prothonotary receives the document that determines the date of filing; if a Certificate of Mailing was obtained, the date of filing is the date of mailing.

As Henry did not obtain Certificate of Mailing from the post office, the operative date is the date the prothonotary first received his statement. However, we cannot determine that date from the record. We therefore remand pursuant to Rule 1925(c)(1) for a determination of the date. **_See_** Pa.R.A.P. 1925(c)(1); **_Bank of New York Mellon v. Brooks_**, No. 1362 EDA 2016, 2017 WL 1437521, unpublished memorandum at *3 and n.3 (Pa.Super.

- 6 -

2017) (remanding for determination of when prothonotary received Rule 1925(b) statement, even where prothonotary time-stamped and docketed the statement after the deadline, where proof of service stated appellant mailed the statement before the deadline).

The trial court shall determine on remand whether the prothonotary received and rejected the statement on or before March 22, 2022. It may conduct such proceedings as necessary to make that determination. If the trial court finds that Henry filed his statement in a timely manner, it shall issue a supplemental Rule 1925(a) opinion addressing the issues raised in the statement. The trial court shall transmit a supplemental record with the court's findings within 60 days of this memorandum.

Case remanded with instructions. Jurisdiction retained.