J-S38003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BREEZY ACRES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANNE MATTERA | : | |
| | : | |
| Appellant | : | No. 905 EDA 2023 |

Appeal from the Order Entered April 3, 2023
In the Court of Common Pleas of Bucks County Civil Division at No(s):
202205287

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 19, 2023**

Anne Mattera appeals from the order, entered in the Court of Common Pleas of Bucks County, denying her emergency petition for leave to appeal to the Court of Common Pleas, *nunc pro tunc*, from a judgment for possession of real property entered against her and in favor of appellee, Breezy Acres, in the Magisterial District Court.  After careful review, we affirm.

The trial court set forth the factual and procedural history of this case as follows:

> On October 19, 2022, [Mattera] file[d] a[n emergency] petition for leave to take an appeal[,] *nunc pro tunc*[,] with this court. This stemmed from a landlord[/]tenant dispute originally heard on September 21, 2022, in a District Court by the Honorable Jan Vislosky.  At that time, [judgment] was granted in favor of Breezy Acres[].  [Breezy Acres] was granted possession of the property due to the fact [that Mattera] had a tenant and did not comply

---

[*] Retired Senior Judge assigned to the Superior Court.

with [her] lease agreement. [Following the entry of judgment, Mattera] did nothing[.] On or about October 13, 2022, [Mattera] was served an order for possession[,] informing [her] she was being evicted on October 24, 2022. In [Mattera's emergency] petition to this court, [filed on October 19, 2022, Mattera] alleged that she believed she would be given time to cure the default and would not be evicted. Additionally, [Mattera] alleged she never received notice of judgment from the [District] Court. [Mattera] averred [that], had she received the notice, she would have timely filed an appeal.

[Breezy Acres] answered [Mattera's] petition on November 7, 2022[,] contradicting [Mattera's] claims. [Thereafter, Mattera] took no further action regarding this matter. On November 17, 2022[, Breezy Acres] provided [Mattera] with written notice of [its] intent to file a motion under subsection 208.3(b)(5) of Bucks County Local Rules[, which provides that] "any other party may by *praecipe* forward a matter to the Court for dismissal . . . when a party who submitted it does not comply with the provisions of subsection (2)[1] of this rule." The purpose of this rule is to prevent one party from infinitely stalling by not moving a matter forward. On December 12, 2022, after filing the requisite notice, [Breezy Acres] filed a *praecipe* under [Rule] 208.3(b)(5) to dismiss [Mattera's] emergency petition for summary appeal[,] *nunc pro tunc*. Again, [Mattera] took no action. In accordance with the local rules, [on April 3, 2023,] this court issued an order denying and dismissing [Mattera's emergency] petition[.] [Mattera] filed a [timely] notice of appeal to Superior Court on April 10, 2023.

Trial Court Opinion, 5/9/23, at 1-2 (unnecessary capitalization omitted).

On April 12, 2023, the trial court issued an order directing Mattera to

file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal

---

[1] Subsection (2) of Rule 208.3(b) provides, in relevant part, as follows:

(2) Subject to the requirements of Pa.R.C.P. No. 206.7, when the matter is at issue and ready for decision, the moving party on the application shall, by *praecipe*, order the same to be submitted for disposition pursuant to this rule.

B.C.R.C.P. No. 208.3(b)(2).

- 2 -

no later than 21 days after entry of the order. The order advised Mattera that "[a]ny issue not properly included in the statement timely filed and served shall be deemed waived." *See* Pa.R.A.P. 1925(b) Order. Mattera did not file her Rule 1925(b) statement until May 8, 2023, 26 days after the entry of the trial court's Rule 1925(b) order. Accordingly, the concise statement is facially untimely, and the trial court requests that we find Mattera's claims waived on appeal.

Pennsylvania Rule of Appellate Procedure 1925(b)(3)(iii) provides that a Rule 1925(b) order must contain "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the statement." Pa.R.A.P. 1925(b)(3)(iii). Where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), waiver does not apply. *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1011 (Pa. 2010). Here, the trial court's Rule 1925(b) order was deficient, in that it did not include the information required under subsection (b)(3)(iii). As such, we declined to find that Mattera had waived her appellate claims. Because the trial court's original Rule 1925(a) opinion discussed only the issue of waiver and did not address Mattera's substantive appellate claim, we remanded the case to the trial court for the preparation of a proper Rule 1925(a) opinion addressing the issues raised in Appellant's Rule 1925(b) statement. *See* Order, 10/2/23. We also granted Mattera and Breezy Acres time to file supplemental briefs in response to the trial court's supplemental opinion. We have now received the trial court's opinion. Mattera has not filed a

- 3 -

supplemental brief within the allotted time, and the matter is now ripe for disposition.

Mattera raises the following claim for our review:[2]

Did the trial court err as a matter of law and abuse its discretion in denying [Mattera's petition to] appeal, *nunc pro tunc* . . . by ignoring facts and circumstances surrounding [Mattera's] untimely appeal necessitating the appeal, *nunc pro tunc*[?]

Brief of Appellant, at 3 (unnecessary capitalization omitted).

It is well-settled that that our standard of review of a denial of a petition to appeal *nunc pro tunc* is whether the trial court abused its discretion. **See Union Elec. Corp. v. Bd. Of Prop. Assessment, Appeals and Review of Allegheny Cty.**, 746 A.2d 581, 583 (Pa. 2000). "An abuse of discretion is not merely an error of judgment[,] but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill will as shown by the evidence of the record." **Freeman v. Bonner**, 761 A.2d 1193, 1194–95 (Pa. Super. 2000) (citation omitted).

Pursuant to Pa.R.Civ.P.M.D.J. 1002(B), "a party aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease may appeal the judgment [to the court of common pleas] within 10 days after the date of the entry of judgment[.]" Pa.R.Civ.P.M.D.J. 1002(B). When a party does not file a timely notice of appeal, in

---

[2] In her statement of the questions involved, Mattera raised a second claim regarding waiver. As set forth above, we declined to find waiver due to the deficiency of the trial court's Rule 1925(b) order.

"extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers[,]" a trial court may grant *nunc pro tunc* relief. **See Nagy v. Best Home Services, Inc.**, 829 A.2d 1166, 1167 (Pa. Super. 2003) (citation omitted).

In **Criss v. Wise**, 781 A.2d 1156 (Pa. 2001), the Pennsylvania Supreme Court recognized that its decision in **Bass v. Commonwealth Bureau of Corr., et al.**, 401 A.2d 1133 (Pa. 1979), expanded the limited exceptions for allowing an appeal *nunc pro tunc*. **Id.** Specifically, *nunc pro tunc* relief is permissible where:

> the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

**Criss**, 781 A.2d at 1159 (citation omitted). As this test is conjunctive, all three prongs must be satisfied in order to entitle the appellant to relief.

Here, Mattera argues that she did not timely file her notice of appeal to the court of common pleas because (1) she never received the order from the district judge granting possession to Breezy Acres and (2) she believed she had time to cure the situation that precipitated her eviction. She argues as follows:

> The [trial] court was made aware that [Mattera], her counsel, and her main witness, the bo[a]rder, Richard Van Sant[,] understood the district [judge] had stated that [Mattera] could cure[] the default by having her bo[a]rder make application with [] Breezy Acres. In their response, [Breezy Acres] disputed [Mattera's] position that the [district judge] said they could cure the default. The [trial court] evidently believe[d Breezy Acres'] version of the

hearing.  It [s]hould be pointed out that [Breezy Acres'] counsel who filed the response [to Mattera's emergency petition] was not present at the hearing[,] so he had no firsthand knowledge of what the [district judge] said.  Additionally, the bo[a]rder was approached by the police with [t]he [m]anager of Breezy Acres, Tina (last name unknown), and was handed an application.  He was told if he filled out the application and presented it to management, [Mattera] would not be evicted.  Of course, he filled out the application and presented it to management.

Brief of Appellant, at 8.  Mattera is entitled to no relief.

Here, the certified record on appeal does not contain the district court docket; nor does it include the transcript from the hearing before the district judge.  Accordingly, we have no way of ascertaining (1) whether the district court order was properly mailed to Mattera and/or her counsel, or (2) what the district judge may or may not have said during the hearing.  In its answer to Mattera's emergency petition, Breezy Acres averred that the district judge "informed the parties at the conclusion of the hearing that she was entering judgment in favor of Breezy Acres and granting Breezy Acres possession of [] Mattera's manufactured home lot."  Answer to Emergency Petition, 11/7/22, at ¶ 2.  Breezy Acres further stated that "none of the representatives of Breezy Acres [present] at the hearing heard [the district judge] make this alleged statement" and, if she did so, she did not do so in front of both parties and "made no effort to inform Breezy Acres of this alleged aspect of her decision."  *Id.* at ¶ 3.  Moreover, "this alleged aspect of [the district judge's] decision is

not contained in the written Notice of Judgment[.]"[3] *Id.* Finally, Breezy Acres averred that its counsel received the Notice of Judgment and attached as an exhibit to its answer the participant list from the Notice of Judgment, reflecting correct mailing addresses for both Mattera and her counsel. *See id.* at ¶ 4, Exhibit 1.

In reviewing a case on appeal, we may rely only on facts and documents in the certified record. *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007). This Court does not rely on items *dehors* the record, such as assertions in an appellate brief or a trial court opinion. *Id.* The duty to ensure the certified record contains all the facts and documents necessary for our review lies with the appellant. *Id.* "Under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record." *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006). Likewise, when the certified record does not include all transcripts necessary for meaningful review, the appellant waives all issues that cannot be resolved in the absence of the transcripts. *See* Pa.R.A.P. 1911; *see also Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc).

---

[3] The Notice of Judgment is included in the certified record as an exhibit to Mattera's emergency petition. As Breezy Acres stated in its answer, the notice does not contain any language indicating that Mattera could "cure her default." It does, however, inform Mattera that she has ten days from the entry of judgment to file a notice of appeal in the court of common pleas. *See* Emergency Petition, 10/19/22, at Exhibit B.

When transcripts are missing from the record, "it is not proper for [the appellate court] to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." *Id.*

In light of the foregoing, we are constrained to conclude that Mattera has waived her claim on appeal, as we are lacking information necessary for a determination on the merits. However, even if her claim was not waived, she would be entitled to no relief.

In *Rothstein v. Polysciences, Inc.*, 853 A.2d 1072 (Pa. Super. 2004), the appellant challenged the trial court's denial of his petition for leave to appeal, *nunc pro tunc*, from the trial court's grant of summary judgment, claiming that the prothonotary failed to send notice of the order to his counsel's new address. He argued that this failure amounted to a breakdown in the operations of the court, warranting an exception to the 30-day appeal period under Pa.R.A.P. 903(a). This Court concluded that no breakdown occurred where the prothonotary fulfilled her required duties by (1) sending appellant correspondence advising him that all notices of change of address were to be sent to the court administrator, and (2) sending him notice of the court's order granting summary judgment within a week of the order's publication. *See id.* at 1075. Rather, the Court placed the blame squarely on appellant's counsel, who failed to comply with the local rule addressing changes of address and, further, failed to act with due diligence by not contacting the court to ascertain the status of the motion for summary judgment.

Here, the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges provide that, in actions for the recovery of possession of real property, "[j]udgment shall be given at the conclusion of the hearing or within three days thereafter." Pa.R.Civ.P.M.D.J. 514(D)(1). As Breezy Acres aptly noted in its answer to Mattera's emergency petition:

> It was incumbent on [] Mattera and her attorney, therefore, to check the docket on Unified Judicial System of Pennsylvania Web Portal or to call the Magisterial District Court. Simply sitting idle waiting for the mail to arrive, knowing that the Notice of Judgment "shall be given at the conclusion of the hearing or within three days thereafter," is unacceptable.

Answer to Emergency Petition, 11/7/22, at ¶ 4, citing **Rothstein**, 853 A.2d at 1075 ("Failure to receive notice of the court's disposition of a matter, without more, is insufficient grounds for *nunc pro tunc* relief."). We agree. **See Rothstein**, **supra** (denial of petition for *nunc pro tunc* appeal affirmed where no administrative breakdown occurred and counsel negligent in ascertaining status of case).

Because Mattera has demonstrated neither a breakdown in the operations of the court, nor that her failure to timely file an appeal was the result of non-negligent circumstances, **Criss**, **supra**, she is entitled to no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2023