J-S12027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHAIRA SELLOTT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FOTIOS MALLIARIS, AND SERAVALLI | : | No. 2346 EDA 2024 |
| CONTRACTORS, INC. | : | |

Appeal from the Order Entered July 31, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230501571

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 23, 2025**

Chaira Sellott appeals from the order denying her petition to open the judgment of *non pros* entered in favor of Fotios Malliaris and Seravalli Contractors, Inc. (collectively, "Appellees"). We reverse the order and remand for further proceedings.

In May 2023, Sellott commenced this action against Appellees via a writ of summons. Sellott filed a complaint against Appellees in October 2023. Appellees filed preliminary objections to the complaint, which were sustained on January 31, 2024. The court ordered Sellott to file an amended complaint within 20 days of the order. Sellott failed to file a timely amended complaint. On February 29, 2024, Appellees sent a notice of intent to file a *praecipe* for entry of judgment of *non pros* to Sellott pursuant to Pennsylvania Rule of Civil Procedure 237.1. On March 14, 2024, Appellees filed a *praecipe* to enter a

judgment of *non pros* against Sellott with the prothonotary, and it was entered on the docket the following day.

Ten days later, on March 25, 2024, Sellott petitioned the trial court to open the judgment.[1] Sellott attached an amended complaint to her petition to open. The next day – day 11 – the prothonotary rejected Sellott's filing. Sellott refiled her petition that same day, and the trial court denied it, on July 31, 2024. Sellott filed a motion for reconsideration, in which she alleged that after uploading the petition, she "received a notice that the filing was not accepted because the filing was not uploaded to the Prothonotary's Office Motion section." Mem. of Law in Support of Motion for Reconsideration, filed 8/9/24, at 3 (unpaginated). The trial court did not rule on Sellott's motion for reconsideration. This timely appeal followed.

Sellott raises the following issues:

1. Whether the court erred and abused its discretion in denying [Sellott's] petition to open/strike judgment of *non pros* due to the prothonotary having no authority to interpret an order of court.

2. Alternatively, whether the trial court erred and abused its discretion in direct violation of Pennsylvania Rule of Civil Procedure 237.3 because it did not automatically open the matter where [Sellott] timely filed her petition to do so.

Sellott's Br. at 5 (suggested answers omitted).

_____

[1] Although Sellott's petition is styled as a "Petition to Open/Strike Judg[ment] *Non Pros*," Sellott only sought relief in the form of opening the judgment.

Sellott first argues that the prothonotary did not have authority to enter the judgment of *non pros* after Appellees filed a *praecipe*. **Id.** at 6. Citing **Chamberlain v. Altoona Hosp.**, 567 A.2d 1067 (Pa.Super. 1989), Sellott asserts that the proper procedure for seeking the entry of judgment of *non pros* against a plaintiff who failed to file an amended complaint pursuant to an order of court is by filing a motion with the court, rather than a *praecipe* with the prothonotary. **Id.** at 8. Sellott argues that Appellees "failed to properly effectuate *non pros*" and thus "the prothonotary lacked authority to enter judgment pursuant to **Chamberlain**." **Id.** at 10.

Sellott failed to raise this issue in her petition to open the judgment of *non pros*. Instead, she raises the issue for the first time on appeal. The issue is therefore waived. **See** Pa.R.A.P. 302(a), 1925(b)(4)(vii).

Sellott next argues that the trial court violated Pennsylvania Rule of Civil Procedure 237.3 because it did not "automatically" open the matter when she timely filed her petition. She argues that she filed her petition to open the *non pros* on March 25, 2024, which was within 10 days of the entry of the judgment. She states that she did not become aware until the next day, March 26, 2024, that the prothonotary had rejected her filing because she had not uploaded it to the appropriate area of the electronic filing system. Sellott argues that her counsel "engaged in harmless, technical, and unintentional error, which caused the submission to be rejected by the prothonotary" and upon receiving notice the next day "counsel exercised due diligence and refiled within two (2) hours." Sellott's Br. at 15. According to Sellott, because she

- 3 -

attempted to file her petition to open on March 25, 2024, "it was inside the designated timeframe" and "the ambits of Rule 237.3 were satisfied." *Id.* She thus concludes, "the matter should have been opened and allowed to proceed through litigation." *Id.*

Pennsylvania Rule of Civil Procedure 237.3(b)(1) creates a bright-line rule for opening a judgment of *non pros* when a petition is filed within ten days of the entry of judgment. It provides:

> If the petition is filed within ten days after the entry of a judgment of *non pros* on the docket, the court shall open the judgment if the proposed complaint states a meritorious cause of action.

Pa.R.Civ.P. 237.3(b)(1). Thus, if a party petitions to open a *non pros* within 10 days of the entry of the judgment and the petition states a meritorious cause of action, the court must open the judgment. ***Attix v. Lehman***, 925 A.2d 864, 867 (Pa.Super. 2007).

Sellott filed her petition to open electronically. Pennsylvania Rule of Civil Procedure 205.4 addresses electronic filings and provides, in relevant part:

> (a)(1) A court by local rule may permit or require electronic filing of legal papers with the prothonotary and shall specify the actions and proceedings and the legal papers subject to the rule.
>
> ***
>
> (3) The time and date of filing submission and receipt of the legal paper to be filed electronically shall be that registered by the electronic filing system. The prothonotary shall provide, through the electronic filing system's website, an acknowledgement that the legal paper has been received, including the date and time of

receipt, in a form which can be printed for retention by the filing party.

\*\*\*

(2) **No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary or the electronic filing system based upon a requirement of a local rule or local administrative procedure or practice pertaining to the electronic filing of legal papers.**

Pa.R.Civ.P. 205.4(a)(1), (c)(3), (e)(2) (emphasis added).

Here, the judgment of *non pros* was entered on March 15, 2024. For Rule 237.3(b)(1) to apply, Sellott had 10 days, or until March 25, 2024, to file the petition to open. Sellott electronically filed her petition on March 25, 2024, but the prothonotary rejected it the following day. While a prothonotary may notify a party that a document is defective, permitting the prothonotary to reject potentially nonconforming documents would "confer on the prothonotary the power to implement the Rules" and make judicial timeliness determinations. *Mariano v. Rhodes*, 270 A.3d 521, 529 (Pa.Super. 2022) (quoting *Nagy v. Best Home Services, Inc.*, 829 A.2d 1166, 1170 (Pa.Super. 2003)) (internal quotation marks omitted). Thus, "while the prothonotary can inspect documents for compliance, and inform a party of any defect, the prothonotary must still accept the pleading." *Id.* Indeed,

> [a] prothonotary may have the power, and even the duty, to inspect documents tendered for filing and to reject them if they are not on their face in the proper form specifically required by the Rules, but this power is limited. He is not in the position of an administrative officer who has discretion to interpret or implement rules and statutes . . . The

> prothonotary must accept papers and file them. He must also collect fees fixed by the legislature. He has no discretion in this matter nor does he act in a judicial capacity.

*Id.* (citation omitted, emphasis removed).

We conclude the prothonotary exceeded the scope of its authority when it rejected Sellott's filing. We therefore find that Sellott timely filed her petition to open within 10 days of the entry of the judgment of *non pros*. **See** Pa.R.Civ.P. 237.3(b)(1). Accordingly, we remand this matter to the trial court to determine whether Sellott's proposed amended complaint states a meritorious cause of action. **See id.**

Order vacated. Case remanded for further proceedings. as deemed necessary. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2025

- 6 -